*J. D. Howland*, for the appellants.

*G. Holland*, for the appellees.

--------

## Gross *v.* The State.

Carter.
2c 329
160 547

Indictment for murder. The prosecuting attorney propounded the following question to each juror: "Whether he entertained such conscientious scruples upon the subject of capital punishment as would deter him from finding a verdict assessing the death penalty in any case of murder in the first degree?" One of the jurors answered affirmatively, and he was discharged. *Held,* that such conscientious scruples disqualify a juror.

*Held,* also, that a grand juror would be disqualified for the same reason.

Nov. Term,
1850.

Gross
v.
The State

Friday,
November 29.

ERROR to the *Floyd* Circuit Court.

Smith, J.—The plaintiff in error was indicted for the murder of one *John Peter Smith*. The jury returned a verdict that he was guilty of murder in the first degree, as charged in the indictment, and that he should suffer the penalty of death. A judgment was rendered by the Court in accordance with the verdict.

It appears, by a bill of exceptions, that after the jurors impanneled to try the issue upon a plea of "not guilty" had been sworn to answer questions touching their qualifications, the Court permitted the prosecuting attorney to propound to each juror the question: "Whether he entertained such conscientious scruples upon the subject of capital punishment, as would deter him from finding a verdict assessing the death penalty in any case of murder in the first degree?" And the Court also allowed the prisoner to ask each juror, "Whether, in his opinion, death was the only adequate punishment for the commission of murder in the first degree?" One of the jurors having answered the first of said questions affirmatively, was challenged by the prosecuting attorney, and the challenge being sustained by the Court, the juror was discharged from service before the second question was put.

The prisoner excepted to the discharge of the juror, and the only question now presented for our consideration is, whether the Court committed an error in considering the juror disqualified, upon the answer thus given by him.

It has been decided in several cases that such conscientious scruples disqualify a juror. *The People* v. *Damon*, 13 Wend. 351.—*United States* v. *Wilson*, 1 Bald. C. C. R. 78. In this Court it has been held that a grand juror might be challenged for that cause. *Jones* v. *The State*, 3 Blackf. 475. In those cases the law inflicted the penalty of death for the crimes with which the prisoners were charged. (1.)

It is contended that these authorities are not applicable to the present case, inasmuch as by an act passed in 1846, a discretionary power is given to the jury to pre-

scribe the punishment of death or of imprisonment for life, for the crime of murder in the first degree.

The reason why a juror is considered disqualified by such scruples is, that they would prevent him from performing his part as such juror in the due administration of the law. We think this reason applies with equal force, whether the law prescribes the single punishment of death, or invests the jury with a discretionary power to inflict that punishment or another. If in the one case his scruples would not permit him to render a verdict in accordance with the law, in the other they would not permit him to exercise the discretionary power with which he is invested, and which it is essential he should exercise to carry out the spirit and intention of the law.

We are, therefore, unable to perceive any error in the record, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed.

*C. Dewey*, for the plaintiff.

(1) See 17 Serg. & R. 155.—2 Wheeler's C. C. 48.—Wright's R. 78.—16 Pick. 153.—5 How. (Miss.) R. 730.—1 Walker, 318.—1 Leigh, 598.