THE STATE v. MAY.

GRAND JURY.—*Number of Jurors.*—*Act of* 1875.—A grand jury consisting of twelve members, selected at the first regular session of the board . of county commissioners for the year 1875, in accordance with the law then in force, was the legal grand jury at the July term, 1875, of the criminal circuit court of the county, and was competent to find an indictment after the taking effect of the act of March 13th, 1875 (Acts 1875, Spec. Ses. p. 54).

SAME.—*Statute Construed.*—The words "before this act takes effect," in the third section of said act of March 13th, 1875, mean, substantially, before grand jurors can be selected in accordance with the provisions of this act.

From the Marion Criminal Circuit Court.

*C. A. Buskirk,* Attorney General, and *J. M. Cropsey,* for the State.

*N. B. Taylor, F. Rand,* and *E. Taylor,* for appellee.

WORDEN, J.—This was an indictment of the appellee, found at the July term, 1875, of the court below, by a grand jury consisting of twelve men theretofore selected and impanelled in accordance with the law *as it* existed before the supposed taking effect of the act of March 13th, 1875, hereinafter noticed.    The indictment was found after the taking effect of the act.

The question presented is, whether the grand jury for that term of the court should have consisted of twelve men, in accordance with former laws, or of six men only, as is provided for in the act above mentioned.    The court below held the indictment bad, as having been found by a grand jury consisting of too many members, and not properly constituted, and rendered judgment accordingly.    The State, having excepted, appeals and seeks a reversal.

The following is the act alluded to :

"An act regulating the number of grand jurors, and the manner of their selection.    Approved March 13th, 1875.

" Section 1. Be it enacted by the General Assembly of the State of Indiana, that a grand jury shall be composed of six reputable freeholders and residents of the county.

"Sec. 2. The board of commissioners of each county shall, at their first regular session in each year, select from the names on the tax duplicate of the preceding year the names of thirty persons, possessing the qualifications required by section 1 of this act, ten of whom shall reside in each commissioner's district, and shall cause the same to be written on separate slips of paper of uniform size, shape and color, and deposit the same in a box to be kept for that purpose; whereupon the clerk of the circuit court, in the presence of the board of commissioners, after said box shall have been closed and shaken before each name is drawn out, shall proceed to draw said names, and the first two names drawn from each of the three districts shall constitute the grand jury of said county for the next ensuing two terms of the circuit court, or of the terms of the criminal circuit court for the ensuing six months, commencing with the first of the month then next ensuing; whereupon thirty names shall be placed in the box and the drawing proceed as before, until six more shall in like manner be selected, who shall constitute the grand jury for said county from the expiration of the second ensuing term of the circuit court, or of the term or session of the criminal circuit courts, from and after the expiration of the six months above provided for, and until another grand jury shall be selected.

"Sec. 3. The concurrence of five of the six grand jurors shall be necessary to find an indictment; provided, that this act shall not be construed to affect, in any way, pending indictments or indictments which may be found by any grand juror [jury], before this act takes effect, but the same shall be tried and disposed of as if this act had not been passed.

"Sec. 4. All laws and parts of laws coming in conflict with any of the provisions of this act are hereby repealed." Acts Spec. Ses. 1875, p. 54.

This act had not been passed on the first Monday of March, 1875, which is the day fixed by law for the commencement of the first regular session of the board of commissioners in each year. 3 Ind Stat. 131. By the statute above set out, it will be seen that it is made the duty of the board to make the

selection of grand jurors "at their first regular session in each year." But as the act was not in force at the time of the first regular session of the board for the year 1875, the board could not, of course, have then made the selection under the provisions of that act. The provision as to the term of the board at which the selection is to be made seems to be imperative. We find nothing in the act that justifies the conclusion that the legislature, by that act, intended to authorize the selection to be made at any other session of the board than that mentioned. It follows, that no selection of grand jurors can be made under and in accordance with the act above set out until the March session of the boards for the year 1876.

But it is provided in the act of March 4th, 1852, that "if the board of commissioners shall fail to select the grand jurors at their first annual session, they shall select at the next or any other session." 2 G. & H. 433, sec. 8. This statutory provision should probably be regarded as continued in force, but it does not help the appellee.

A selection of grand jurors, before the act of 1875 was passed or took effect, in accordance with the law in force at the time of selection, can in no sense be said to be a failure to select, because the selection was not made in accordance with a law not then in existence. There could have been no legal selection made at the March session of the board of commissioners in the year 1875, in accordance with the subsequent act of 1875 ; and a failure to select according to that act, the selection being made in accordance with the law in force at the time, is not a failure to select within the spirit and meaning of section 8 above quoted from the act of 1852 ; and hence that section has no application to the case. We are of opinion, therefore, that grand jurors duly selected before the act of 1875 took effect, in accordance with the law in force at the time of the selection, are legal grand jurors, and will continue to be such until selections shall be made under the provisions of the act of 1875, or until their functions shall be otherwise legally terminated.

The third section of the act of 1875 provides that "this act

shall not be construed to affect, in any way, pending indictments or indictments which may be found by any grand jury, before this act takes effect," etc. We think the words, " before this act takes effect," must be construed somewhat beyond their ordinary signification, in order to carry out what was the evident intention of the legislature. The act nominally took effect from its publication in accordance with the constitution. But it can have no practical effect, so far as the number of grand jurors and the mode of their selection are concerned, until the time shall come when they can be selected in accordance with the terms of the act. · We think the object of the legislature was to preserve all indictments which had been or might be found by grand juries selected in accordance with former laws before the time at which they could be selected under and in accordance with the act in question. We are of opinion, therefore, that the words, " before this act takes effect," mean, substantially, before grand jurors can be selected in accordance with the provisions of this act.

This construction saves from the repealing clause of the act all laws necessary to sustain indictments found, or to be found, by grand juries selected and empanelled under former laws, and before the selections could be made under the act, because such laws are not in conflict with the act. The .repealing clause may not effect any greater repeal than would be done by implication without it ; for it only repeals such laws as are in conflict with some of the provisions. By the terms of the law itself, as we construe it, such laws as are necessary to sustain indictments found as above stated are saved from the repeal, because they are not in conflict with the act.

From these considerations, we are of the opinion that the court below erred in holding the indictment not to have been found by a proper and competent grand jury.

The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.