## THE STATE *v.* MYERS ET AL.

GRAND JURY.—*Selected and Impanelled by Order of Court.—Number of Grand Jurors.*—Where, for a term of a criminal circuit court, commencing on the first Monday of January, 1876, there was no grand jury selected by the board of county commissioners, the grand jury selected by said board at their December session, 1874, for the term commencing on the first Monday of July, 1875, and continuing six months, having been finally discharged by the court on the 16th of December, 1875, it was proper for said court, on the first day of said January term, 1876, to cause a grand jury to be selected by the sheriff and impanelled; and the grand jury so selected properly consisted of twelve men, as a grand jury consisting of six men could not be selected under the act of 1875 until the March session of the board of county commissioners, and until that time the number was regulated by former laws.

From the Marion Criminal Circuit Court.

*C. A. Buskirk,* Attorney General, and *J. M. Cropsey,* Prosecuting Attorney, for the State.

*H. Burns,* for appellees.

WORDEN, J.—On the first day of the January term of the court below, for the year 1876, the appellees were indicted for a misdemeanor. The defendants pleaded in abatement of the indictment, in substance, that the commissioners of the county, at their December session, in the year 1874, selected a grand jury for the term of the court commencing on the first Monday of July, 1875, and continuing six months; that the last named grand jury served as such until the 16th of December, 1875, when they were finally discharged by the court; that the board of commissioners of the county never selected any grand jury for the term of the court commencing on the first Monday of January, 1876; that on the meeting of the court, on the first day of the term, there being no grand jury selected for the term, the court ordered one to be selected by the sheriff, and impanelled, which was accordingly done; and the jury so selected returned the indictment in question.

The prosecuting attorney demurred to the plea in abatement, but the court overruled the demurrer, and discharged the defendants, the prosecutor excepting.

We are of opinion that the court erred in overruling the demurrer. We have the the following statute on the subject:

"A panel of grand jurors may be filled in whole or in part, when necessary, by summoning the requisite number of freeholders or householders of the proper county under the direction of the court, who shall in the discretion of the court be selected from persons residing in the several townships, unless in consequence of delay in filling the panel, or for other satisfactory reasons, the court shall otherwise direct." 2 G. & H. 433, sec. 10.

The terms of this statute are broad enough to authorize the court to impanel an entire grand jury when necessary. The

necessity is apparent in the case stated here. The evident purpose of the statute was to enable the court to command the services of a grand jury, notwithstanding any failure of the board to select, or the failure or inability of a part or all of the jurors selected to attend.

The grand jury thus ordered to be selected and impanelled by the court consisted of twelve persons. This was right, as a grand jury consisting of six only cannot be selected under the act of 1875 (Acts 1875, Spec. Sess. 54), until the March session, 1876, of the board of commissioners, and until then the number of grand jurors is to be regulated by former laws. *The State* v. *May,* 50 Ind. 170.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to sustain the demurrer to the plea in abatement, and for further proceedings.