Bond *v.* The State.

---

## BOND *v.* THE STATE.

CRIMINAL LAW.—*Permitting Minor to Play a Game.*—*Evidence.*—On the trial of an indictment under the act of March 8th, 1873 (Acts 1873, p. 30), for unlawfully permitting a minor to play a game of billiards with another person, upon a table of which the defendant had the control, ·it is not necessary to a conviction that it should be proved that anything was wagered on the game which was played.

SAME.—*Oath of Grand Jury.*—The form of the oath to be administered to· the grand jury, found on page 387, 2 G. & H., has been superseded by that provided in the act of December 31st, 1865, 3 Ind. Stat. 279.

SAME.—*Arrest of Judgment.*—It is not a cause for arrest of judgment in a criminal action, that the grand jury was not sworn according to the statutory form.

From the Jackson Circuit Court.

*D. H. Long* and *B. E. Long,* for appellant.

*C. A. Buskirk,* Attorney General, *S. B. Voyles,* Prosecuting Attorney, and *R. D. Doyle,* for the State.

DOWNEY, C. J.—This was an indictment against the appellant, under the act of March 8th, 1873 (Acts 1873, p.

30), for unlawfully permitting a minor to play a game of billiards with another person named, upon a billiard table, of which he, the defendant, then and there had the control. Plea, *non cul.* Trial by the court, without a jury. Finding, that the defendant was guilty. Motions for a new trial and in arrest of judgment overruled, and final judgment.

Errors assigned :

1. Overruling the motion for a new trial.

2. Refusing to arrest the judgment.

Under the first assignment of error, it is urged that the evidence was not such as to justify the finding of the court. It is not controverted that the evidence on the part of the State shows the defendant's guilt, but it is urged that the testimony of the defendant in his own behalf disclosed such new or additional circumstances as required his acquittal. We cannot know that the defendant's testimony was regarded by the court as credible. This was, as we all know, a matter within the province of the court trying the cause.

Again, it is urged that it does not appear that anything was wagered on the game which was played. We do not think that this was necessary. The object of the legislature was to discourage the playing by minors at the games mentioned in the act, whether anything was lost and won or not. This is made evident by the second section of the act, which makes it penal to allow minors to congregate at and about the places where such tables are kept, without reference to the question whether any game is played thereon or not.

Under the second assignment of error, it is urged that the judgment should have been arrested because the grand jury was not sworn, as appears from the clerk's entry, according to the statutory form at p. 387, 2 G. & H., but was sworn "diligently to inquire into, and true presentment make of all violations of the criminal law of the State of Indiana, of which this court has jurisdiction," etc.

The form of oath referred to by counsel has been superseded by a later act, which the clerk appears to have fol-

lowed in the oath administered. Acts 1865, p. 155, found in 3 Ind. Stat. 279. But the objection made, if otherwise well founded, is no ground for arresting the judgment. 2 G. & H. 424, sec. 144.

The judgment is affirmed, with costs.