## HUGHES *v.* THE STATE.

CRIMINAL LAW.—*Statute Construed.*—Section 9 of "An act to limit the number of grand jurors," etc., approved March 4th, 1852, 2 R. S. 1876, p. 417, is directory merely, and for the purpose of getting a grand jury into court.

SAME.—*Abatement.*—*Grand Jury.*—*Empanelling.*—Where grand jurors, regularly selected, are returned into court upon a day subsequent to the first day of the term for which they were selected, upon a venire that day issued for them, or if, without the issuing or service of a venire, they appear at such time and are empanelled, sworn and charged, such want of venire and service thereof will not make their subsequent proceedings irregular, nor sustain a plea in abatement to an indictment found by such grand jurors.

SAME.—*Abatement.*—*Indictment.*—*Grand Jury.*—Where a grand jury, after finding an indictment and returning it into court, is discharged, and at a subsequent day of the same term is recalled, and some vacancies therein are filled with talesmen, and they again return into court the same indictment, it will not be presumed, in the absence of proof thereof, that no amendment of such indictment was made, nor that it was not signed by the prosecutor and indorsed by the foreman.

From the Hendricks Circuit Court.

*C. C. Nave* and *C. A. Nave*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

BIDDLE, J.—Indictment for unlawfully selling intoxicating liquors. Answer in abatement, alleging irregularity in empanelling the grand jury.

Demurrer to the answer for want of sufficient facts; overruled; reply; trial by the court; finding for the state; motion for a new trial; overruled; exception; judgment that the defendant answer over. He then pleaded not

guilty. Trial by the court; finding, guilty; fine; motion for a new trial; overruled; no exception; judgment.

In this court, the appellant alleges six grounds of error, only one of which is well assigned, namely, the overruling of the motion for a new trial on the answer in abatement. The causes assigned for a new trial on this answer were—

1. The finding is not sustained by the evidence.

2. The finding is contrary to law.

The evidence is in the record. It is as follows:

A venire to summon the grand jury was issued by the clerk, on the 3d day of January, 1877. On the same day, the sheriff returned the grand jury into court, which was regularly sworn and charged, to enquire, etc. On the 20th day of January, 1877, the grand jury returned into court eighteen indictments, numbered from 418 to 435, inclusive; and, having finished the business before them, were discharged from further attendance as grand jurors at that term of the court. On the 24th day of January, 1877, another venire was issued by the clerk to summon the grand jury. On the 24th day of January, 1877, the court being of the opinion that a necessity existed for recalling the grand jury of the term, ordered that said grand jury be resummoned on said day, whereupon the sheriff called the names of said grand jury, when the following appeared, namely, four. By order of the court, the sheriff selected two other jurors from the by-standers, making, in all, six reputable freeholders of the county, who were empanelled, sworn and charged by the court, and their foreman appointed. The grand jury, as thus constituted, on the 25th day of January, 1877, returned into court numerous indictments, all numbered, which included the same indictments returned by the grand jury at an earlier day in the term; and, having no further business before them, were discharged by the court. Only two of these jurors were of the regular panel selected for the January term of the court, 1877; the other four being talesmen.

Hughes v. The State.

The above were all the facts to which evidence was offered on the trial of the answer in abatement, and we think these facts were fairly proved; but we are of the opinion that they do not sustain the answer in abatement, and that the court committed no error in finding in favor of the state. There was no irregularity in the proceedings, of which the appellant could complain. They are fully authorized by the statute, (2 R. S. 1876, p. 375, sec. 15; Id. p. 418, sec. 10; and Id. p. 419, sec. 12;) and supported by the decisions of this court. *Long* v. *The State*, 46 Ind. 582; *Ward* v. *The State*, 48 Ind. 289; *The State* v. *Myers*, 51 Ind. 145.

But the counsel for appellant insist, because the grand jury were not summoned to attend on the first day of the term, and had not had at least ten days notice thereof, as provided by sec. 9, 2 R. S. 1876, p. 418, that the proceedings were erroneous; but we are of a different opinion. That section is merely directory. If a grand jury, regularly selected, without any venire having been issued, without being summoned, and without any notice whatever, were returned into court, empanelled, sworn and charged, their subsequent proceedings would not be irregular, merely because they had not been summoned according to a directory statute. The object of that statute is to get the grand jury into court: when that purpose is accomplished, its force is at an end. The issuing of the venire, therefore, on the same day the grand jury were returned into court, and that being the third day of the term, instead of the first, constitutes no available error.

The counsel for appellant also insist, that "the court erred in permitting the second so-called grand jury to present in open court the same indictment, No. 430, found and presented to the court by the first grand jury, without any amendment made thereto, and without requiring the prosecuting attorney to again sign his name thereto,

and without requiring the foreman of the grand jury to endorse that the same was a true bill."

There is no evidence in the record concerning the fact that no such amendment was made to the indictment, nor that it was not signed by the prosecutor and endorsed by .the foreman. The indictment having been properly signed, endorsed and returned into court, we must presume, therefore, there being no evidence to the contrary, that the indictment was still properly signed, endorsed and returned into court.

We can discover no error in the record.

The judgment is affirmed, with costs.