Meiers v. The State.

---

## MEIERS v. THE STATE.

CRIMINAL LAW.—*Grand Jury.*—*Number of Jurors.*—Prior to the regular session of the board of commissioners of a county of this State, at their March term, 1876, a legal grand jury of such county consisted of twelve men.

SAME.—*Empanelling.*—*Discharging.*—*Power of Court.*—Where, prior to such time, a grand jury consisting of but six men had been empanelled, it was proper for the court to direct them to be discharged and a grand

jury of twelve to be selected and empanelled by the sheriff, from by-standers.

SAME.—*Selecting.*—*Irregularity.*—*Challenge to Array.*—Irregularity in the selection of a grand jury, not amounting to corruption, is not sufficient ground to sustain a challenge to the array.

SAME.—*Discretion of Circuit Court.*—*Supreme Court.*—The action of the circuit court, in discharging or reconvening a grand jury, except for gross abuse of its discretion in such matter, will not be reviewed by the Supreme Court, on appeal.

SAME.—*Plea in Abatement.*—*Challenge.*—Where, by a challenge to the array, a defendant has once questioned the legality of the organization of a grand jury, he can not present the same question again by a plea in abatement of an indictment found against him by them.

SAME.—*Murder.*—*Indictment.*—An indictment for murder charged, that the defendant did "unlawfully," etc., "kill and murder" A. B., by "cutting, stabbing and mortally wounding said" A. B. "with a knife which he," the defendant, "then and there had and held in his hands," etc.

*Held,* on motion to quash, that the indictment sufficiently charged the means by which the deceased came to his death.

SAME.—*Arrest of Judgment.*—Irregularity in the selection of a grand jury is not ground for a motion in arrest of judgment.

From the Johnson Circuit Court.

*S. P. Oyler,* for appellant.

*W. S. Ray,* Prosecuting Attorney, and *C. A. Buskirk,* Attorney General, for the State.

NIBLACK, J.—At the September term, A. D. 1875, of the court below, the appellant was indicted and tried for the murder of one Charles Bernauer. He was found guilty of manslaughter, and his punishment fixed at twenty-one years in the state-prison. Over motions for a new trial and in arrest of judgment, there was judgment on the verdict.

On the fourth day of the term, certain proceedings were had for the empanelling of a grand jury in that court, of which a record was made as follows:

" By reason of a late decision of the Supreme Court of Indiana, construing the act of the General Assembly of said State, relating to the qualification and empanelling of grand juries, the body organized as a grand jury on the

first day of the present term is now called into court and discharged. Thereupon comes James H. Pudney, sheriff of Johnson county, Indiana, and brings into open court the following named persons, freeholders and residents of said county and State, who being duly selected according to law, and by him duly summoned, to serve as grand jurors at the present term of this court: Ephraim W. Wyrick, Stephen W. Dungan, Oliver H. Draper, Valentine Burgett, Charles H. Myers, Jonathan Yount, James M. Brown and Jackson Powell. And there not being a sufficient number of the persons so selected and summoned present to complete said panel, the said sheriff, under direction of the court, selects, from the bystanders, resident freeholders of said county and State, to serve as such grand jurors for the present term of this court, the following named persons: David Ernest, Jacob McClellan, Shelby Garshwiler and James Mitchell. And said grand jurors are duly empanelled and sworn on said grand jury, according to law. Thereupon the court proceeds to charge said grand jury. After delivering said charge, the court appoints Ephraim W. Wyrick foreman of said grand jury."

Before the grand- jurors above named were sworn and charged, the appellant, who was then in the custody of the sheriff, on the charge of murder, on which he was afterward indicted, tried and convicted, as above stated, challenged the array of the grand jury for the following reasons:

"1. Because said panel of the grand jury is composed of twelve citizens and residents of the county of Johnson, selected under and in pursuance of acts of the General Assembly of the State of Indiana, which are not now in force, having been repealed by an act entitled 'An act regulating the number of grand jurors, and the manner of their selection,' approved March 13th, 1875. Said last named act being at that time in full force.

" 2. Because said grand jurors were not, nor was any part of them, selected according to law.

" 3. Because the said panel of grand jurors did, upon the first day of said term of said court, appear in open court, and were then and there discharged by the court, without being empanelled as a grand jury for the term, and the court then and there, on said first day of the term, empanelled six other freeholders of the county of Johnson as and for the grand jury of that term of said court."

The court overruled this challenge to the array of the grand jury, to which the appellant excepted.

Afterward, on the seventh day of the term, the grand jury thus empanelled returned into court an indictment against the appellant, the body of which was as follows:

" The grand jurors of Johnson County, in the State of Indiana, good and lawful men, duly and legally empanelled, charged and sworn to inquire into felonies and certain misdemeanors in and for the body of said county of Johnson, in the name and by the authority of the State of Indiana, on their oaths present, that one Frank Meiers; late of said county, on the 24th day of July, A. D. 1875, in said county and State aforesaid, did then and there unlawfully and feloniously, wilfully, purposely and with premeditated malice, unlawfully kill and murder Charles Bernauer, by then and there feloniously, purposely and with premeditated malice, cutting, stabbing and mortally wounding said Charles Bernauer with a knife which he, the said Frank Meiers, then and there had and held in his hands."

On the same day the appellant entered an appearance to the indictment, and pleaded in abatement of it, in these words:

" The defendant, Frank Meiers, in his own person, comes, and says, that while protesting that he is not guilty of the crime of murder, as charged in the indictment presented against him herein, for plea and answer in abatement to said indictment, says, that the court ought not to take

cognizance of said indictment, because he says that said. indictment was not found or presented against this defendant by a lawful and competent grand jury for the county of Johnson, and State of Indiana. That the pretended grand jury that presented said bill of indictment against this defendant were not, nor was any part of them, selected and drawn under the provision of the law of the State of Indiana, entitled ' An act regulating the number of grand jurors, and the manner of their selection.' Approved March 13th, 1875. That the indictment herein was found and presented against this defendant by twelve men, and by them returned into court on the 11th day of September, 1875, none of whom, and no part of said pretended grand jury, having been selected and drawn in the manner and form prescribed by law, and by the act of the General Assembly aforesaid. Wherefore he prays the judgment of the court, that he be dismissed and discharged as to the said indictment, and for all other proper relief."

The prosecuting attorney, on behalf of the State, demurred to this plea, and the court sustained the demurrer, to which the appellant also excepted.

The appellant then entered a motion to quash the indictment, which was also overruled, to which an exception was likewise reserved.

It has been decided by this court, that the act of March 13th, 1875, regulating the number of grand jurors and the manner of their selection, did not go into full effect until the time of the meeting of the several boards of county commissioners, at their regular session in March, A. D. 1876, and that, until that time, the grand juries of the State consisted of twelve men. The State v. May, 50 Ind. 170; The State v. Myers, 51 Ind. 145.

Under that construction of the act in question, to which we still adhere, the grand jury which returned the indictment in this case rightfully consisted of twelve men.

As regards the organizing, discharging and reconvening of grand juries, the circuit courts have a very wide discretion, and their action as to such matters will not be revised in this court, unless it can be shown that such discretion has been grossly abused. See 2 R. S. 1876, p. 375, sec. 15; p. 418, sec. 10; and p. 419, sec. 12. Also, *Hardin* v. *The State*, 22 Ind. 347, *Ward* v. *The State*, 48 Ind. 289, and *Holloway* v. *The State*, 53 Ind. 554. Also, "An act regulating the convening and adjournment of grand juries," approved March 10th, 1873. 2 R. S. 1876, p. 418.

Section 12, above referred to, provides, that "No plea in abatement, or other objection shall be taken to any grand jury duly charged and sworn, for any alleged irregularity in their selection, unless such irregularity, in the opinion of the court, amounts to corruption, in which case such plea or objection shall be received."

In referring to this section, in the case of *Hardin* v. *The State*, *supra*, this court said:

"Under the provisions of the section last above quoted, where a grand jury has been duly charged and sworn, as was done in the present case, it is not material in what manner they may have been selected to serve as such, unless the irregularity of their selection amounts to corruption."

In the case before us, the record shows what seems to us to have been a substantial compliance with the law in force at the time, in organizing the grand jury. The objection that a grand jury had been empanelled on the first day of the term, consisting of six men only, seems not to be sustained by the record; but, if it were, it raised a question which was wholly immaterial to the regularity of the grand jury subsequently empanelled. If a grand jury had been illegally empanelled at the beginning of the term, it was certainly competent for the court to discharge it at any time during the term, and empanel another, in accordance with law.

We think, therefore, the court did not err in overruling the challenge to the array of the grand jury.

For the same reasons, we are of the opinion that the court did right, in sustaining the demurrer to the plea in abatement of the indictment.

There was still another objection to the plea in abatement. The appellant, having raised the question of the legality of the organization of the grand jury by his challenge to the array, was not allowed to present it again by plea in abatement of the indictment. *Hardin* v. *The State, supra.* 1 Whart. Crim. Law, sec. 472.

The appellant objects, that the indictment was insufficient, because it did not charge that Bernauer's death resulted from the injuries alleged to have been inflicted on him, and because it did not describe the parts of the body which were wounded by the appellant's knife.

The common law forms of indictments have been abolished in this State, and the substance only of what was necessary to make a good indictment at common law need now be charged. The necessary averments have only to be in plain and concise language, and certain only to a common intent. *McCool* v. *The State,* 23 Ind. 127. We think that, under the rules of pleading in criminal cases, as they are now recognized in this State, the indictment sufficiently charged the means by which the deceased came to his death. *Dillon* v. *The State,* 9 Ind. 408; *Dukes* v. *The State,* 11 Ind. 557; *Jones* v. *The State,* 35 Ind. 122; *West* v. *The State,* 48 Ind. 483.

The appellant assigned, as causes for a new trial, that the verdict was not sustained by the evidence, and that the verdict was contrary to law.

We have examined the evidence, and it seems to us to fully sustain the verdict. We see no legal objection to the verdict. We conclude, therefore, that the court did not err in overruling the motion for a new trial.

The causes assigned by the appellant for the arrest of the judgment were, in substance, the same as those for

which he challenged the array of the grand jury, with the addition, that the court had erred in overruling his challenge to the array, and in sustaining the demurrer to his plea in abatement.

A motion in arrest of judgment, in criminal causes, is now a matter of statutory regulation, and can only be addressed to two points.

1. The jurisdiction of the court; and,

2. Whether the facts stated constitute a public offence. 2 R. S. 1876, p. 409, sec. 144. *Dillon* v. *The State, supra; Mullen* v. *The State,* 50 Ind. 169; *Bond* v. *The State,* 52 Ind. 457.

The causes assigned for the arrest of the judgment, in this case, do not, nor does any of them, fall within the provisions of the statute, and, hence, the court below very properly overruled the motion in arrest of the judgment.

We are unable to see any error in the record.

The judgment is affirmed, at the costs of the appellant.