## GREENLEY v. THE STATE.

CRIMINAL LAW.—*Indictment.—Motions to Quash and in Arrest.*—An indict-
ment which is sufficient in its averments, on motion to quash, is suffi-
cient on motion in arrest.

SAME.—*Murder.—Harmless Defect or Informality.*—An indictment for mur-
der, which is otherwise sufficient, is not rendered insufficient by a mere
defect or informality which does not tend to prejudice the rights of the
defendant.

SAME.—*Juror.—Conscientious Scruples as to Death Penalty.—Challenge.—Con-
stitutional Law.*—On the empanelling of a jury to try a defendant indicted
for murder in the first degree, any person called to sit on such jury, who
entertains conscientious opinions which would preclude him from re-
turning a verdict inflicting the penalty of death, may be challenged for
cause.   And section 85, 2 R. S. 1876, p. 394, of the act in relation to crim-
inal pleading and practice, declaring that such persons shall not sit as
jurors, is constitutional.

SAME.—*Cross-Examination of Defendant.—Insanity.*—On the trial of an in-
dictment for murder, where the defendant had testified, in his own behalf,
that the deceased was a married woman, with whom he had been having
illicit intercourse, and that the killing was committed by him in a pas-
sion of love and jealousy, amounting to insanity, on her refusal to longer
associate with him, and that he had met her husband during his in-

timacy with the wife, it was proper for the State to cross-examine him as to whether, at such meeting, the husband had forbidden him to further associate with her.

SAME.—*Ex Parte Affidavit.—Evidence.—Admissions.*—An affidavit by the defendant for a continuance of such cause, admitting, though excusing, the killing charged, is competent evidence against him.

SAME.—*Instruction to Jury.—Presumption.*—An instruction to the jury in a criminal cause, that "The jury are to presume the defendant innocent, until his guilt is established by the evidence beyond a reasonable doubt," is not inconsistent with another instruction, also given, that "Every man is presumed to be sane, and to intend the natural and ordinary consequences of his acts."

SAME.—Where no instruction is asked or given as to the relative strength of such presumptions, no question in relation thereto is presented.

SAME.—*Harmless Refusal of Instruction.*—Where the substance of an instruction asked and refused is embraced in one given, the refusal is harmless.

SAME.—*Death Penalty.—Jury.—Verdict.*—The jury may determine in their verdict that a defendant whom they have found guilty of murder in the first degree shall be punished by death, but the statute alone prescribes the mode in which the penalty shall be inflicted.

From the Marion Criminal Circuit Court.

*S. H. Buskirk, J. W. Nichol, J. W. Gordon, J. L. Griffiths* and *A. F. Potts,* for appellant.

*C. A. Buskirk,* Attorney General, and *J. E. Heller,* Prosecuting Attorney, for the State.

HOWK, J.—At the January term, 1878, of the court below, the appellant was indicted by the grand jury of said court and term, for murder in the first degree.

Omitting the formal and introductory matter of said indictment, it charged, in substance, that the appellant, "on the 24th day of December, A. D. 1877, at and in the county of Marion and State of Indiana, did then and there unlawfully, purposely, feloniously and with premeditated malice, shoot and discharge a certain revolver pistol, which he then and there in his hands had and held, and which said pistol was then and there loaded with gunpowder and leaden balls and other destructive materials, at and against the body of one Ida Kersey, then and there and thereby inflicting, in and upon the neck of her, the said Ida Kersey, one mortal wound, of the breadth

of one inch and of the depth of six inches, of which said mortal wound, so inflicted as aforesaid, she, the said Ida Kersey, then and there died.   And so the grand jurors aforesaid, upon their oaths aforesaid, do present and charge, that the said William Greenley, on the day and year aforesaid, in the county and State aforesaid, in the manner and form aforesaid, did her, the said Ida Kersey, unlawfully, purposely, feloniously and with premeditated malice, kill and murder, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The appellant moved the court below to quash said indictment, which motion was overruled, and to this decision he excepted.   On arraignment on said indictment, the appellant, for plea thereto, said that he was not guilty as therein charged.

The cause was tried by a jury in the court below, and a verdict was returned, finding the appellant " guilty of murder in the first degree, as charged in the indictment, and that he suffer death therefor."

The appellant's written motion for a new trial of this cause was overruled by the court, and to this decision he excepted; and his motion in arrest of judgment having also been overruled, and his exception saved to such ruling, judgment was rendered by the court, upon and in accordance with the verdict of the jury.

In this court, the appellant has assigned, as errors, the following decisions of the court below:

1.   In overruling his motion to quash the indictment;

2.   In overruling his motion for a new trial; and,

3.   In overruling his motion in arrest of judgment.

The first and third of these alleged errors may properly be considered together, as they each present one and the same question, to wit, the sufficiency of the indictment. If the indictment was sufficient, in its averments, to withstand the appellant's motion to quash it, then it might be regarded as certain that there were no defects in the in-

dictment which could possibly be reached by his motion in arrest of judgment. Possibly, there might be omissions or inaccuracies in the statements of an indictment, which would render it fatally defective on a motion to quash the same; but such omissions and inaccuracies might be thereafter so supplied and cured by the evidence on the trial, as that a motion in arrest of judgment, on account of such omissions or inaccuracies, would be wholly unavailable.

In section 61 of "An act to revise, simplify and abridge the rules, practice, pleadings and forms in criminal actions in the courts of this State," approved June 17th, 1852, it is provided, as follows:

"Sec. 61. No indictment or information may be quashed or set aside for any of the following defects:

"*First.* For a mistake in the name of the court or county in the title thereof;

"*Second.* For the want of an allegation of the time or place of any material fact, when the venue and time have once been stated in the indictment, or information;

"*Third.* That dates and numbers are represented by figures;

"*Fourth.* For an omission of any of the following allegations, viz.: 'With force and arms,' 'contrary to the form of the statute,' or, 'against the peace and dignity of the State of Indiana;'

"*Fifth.* For an omission to allege that the grand jurors were impanelled, sworn or charged;

"*Sixth.* For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged; nor,

"*Seventh.* For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." 2 R. S. 1876, p. 386.

In section 144 of the same act, it is provided as follows:

"Sec. 144. A motion in arrest of judgment is an ap-

plication on the part of the defendant, that no judgment be rendered on a plea or verdict of guilty, or finding of the court, and may be granted by the court for either of the following causes:

"*First.* That the grand jury who found the indictment had no legal authority to enquire into the offence charged, by reason of it not being within the jurisdiction of the court.

"*Second.* That the facts stated do not constitute a public offence." 2 R. S. 1876, p. 409.

Under the provisions of these sections of the criminal code, it is very clear, we think, that no error was committed by the court below; in overruling the appellant's motions, either to quash the indictment or in arrest of judgment. There was no defect or imperfection in the indictment, as the same appears in the record of this cause, which could possibly tend to the prejudice of the substantial rights of the appellant upon the merits; and, surely, it can not be claimed, either that the facts stated did not constitute a public offence, or that the offence charged was not within the jurisdiction of the court below. *Meiers* v. *The State*, 56 Ind. 336, and *Veatch* v. *The State*, 56 Ind. 584.

The important questions in this cause arise under the second alleged error, the overruling by the court below of the appellant's motion for a new trial. Of the causes for such new trial, assigned by the appellant in his motion therefor, we will consider and pass upon such only as his able and learned attorneys have discussed, in either their oral or written argument of this case before this court, and, in so doing, we will take up and decide the several questions discussed by counsel, in the same order in which those questions were presented.

The ninth cause for a new trial, assigned by the appellant in his motion therefor, was as follows:

"*Ninth.* That the court erred in permitting the State,

over the objection and exception of the defendant, to ask of and to each and every juror who tried said cause, to wit," (setting out the name of each of the twelve jurors,) " the following question, to wit:

" If they entertained such conscientious opinions as would preclude them from finding the defendant guilty of an offence which is punishable with death by hanging; which question is fully shown by the bill of exceptions filed in this cause."

It appears from the bill of exceptions, which is properly in the record, that while the jurors who tried this case were each being examined under oath, as to his qualifications as such a juror, the prosecuting attorney, on behalf of the State, propounded to each of said jurors the following question, to wit:

" ' State if you entertain such conscientious opinions as would preclude your finding the defendant guilty, where the offence with which he is charged is punishable with death.' To which question the defendant objected, for the reasons and on the ground that the act authorizing such question is unconstitutional and void, and in violation of the principles of jurisprudence and common right; and the effect of it is to contradict and destroy the authority, right and discretion, which the law expressly confers upon the jury, in the trial of a case for murder in the first degree, namely: a discretion to inflict the punishment of death or imprisonment in the State's prison during life."

Appellant's objection was overruled by the court, and to this decision he. excepted.

We have set out the appellant's objection in the language of his counsel, because it is forcibly and fully expressed, and not because it presents any new or difficult question. The interrogatory propounded on behalf of the State to the jurors who tried this cause, touching their qualifications as such jurors, was right and proper, and was expressly authorized by the statute. It was

couched in almost the exact language of section 85 of the criminal code, which reads as follows :

" Sec. 85. If the offence charged be punishable with death, any person entertaining such conscientious opinions as would preclude his finding the defendant guilty, shall not serve as a juror." 2 R. S. 1876, p. 394.

The qualifications of jurors is a proper subject of legislation, and it was long since determined by this court to be competent for the Legislature, in capital cases, to clothe the jury, in each particular case, with a discretionary power to affix either the penalty of death, or imprisonment in the state-prison during life, as a punishment for the crime, upon conviction thereof.

In section 2 of " An act defining felonies, and prescribing punishment therefor," approved June 10th, 1852, it is provided, that any person of sound mind, convicted of murder in the first degree, " shall suffer death." 2 R. S. 1876, p. 424. But, in section 4 of the same act, it is also provided, that " Any person convicted of    *    *    * murder in the first degree, may instead of being sentenced to death, in the discretion of the jury, be imprisoned in the state-prison during life." 2 R. S. 1876, p. 425.

It is very clear, we think, that any person, entertaining such conscientious opinions as would preclude his finding the defendant guilty of an offence which is punishable with death, would be incapable of exercising the discretion conferred upon the jury in such a case, in and by said section 4 of the felony act, and would therefore be an incompetent juror in such a case, under the provisions of said section 85 of the criminal code. *Gross* v. *The State*, 2 Ind. 329, *Driskill* v. *The State*, 7 Ind. 338, and *Fahnestock* v. *The State*, 23 Ind. 231.

The authorities last cited also settle the point made by the appellant's counsel, in reference to the challenge of one Henry Gimber by the State, adversely to the appellant. On the examination of Gimber, under oath, touching his qualifications as a juror in this case, he had an-

swered the question, before set out, in relation to his conscientious opinions, in the affirmative; whereupon he was challenged by the State "for cause," which challenge was allowed by the court below, over the appellant's objection. In our opinion, there was no error in this decision; for it is clear, that, entertaining such opinions, he was not a competent juror, because he was incapable of exercising that discretion which the law required him, as such juror, to exercise in the complete decision of this cause.

It is conceded by the appellant's counsel, that the decision of the court below, in relation to the challenge of one Shaum as a juror, is not so saved in the record as to present any question for our determination. Therefore, and because it does not appear that such decision injuriously affected the appellant in any manner, we pass it by without consideration.

The fourth cause for a new trial, assigned by the appellant in his motion therefor, was as follows:

"Fourth. The court erred in requiring the defendant, when testifying as a witness in his own behalf, to state a conversation which he had with Mr. Kersey, the husband of the deceased, at a picnic at the Exposition grounds, which appears in the bill of exceptions."

The appellant was a voluntary witness, on the trial of this cause, in his own behalf. In his direct examination, he had testified freely and at length, in regard to his illicit and unholy love for the woman, the wife of another man, for the murder of which woman he was then on trial. In, by and throughout his evidence, skilfully drawn out and set in array by the adroit questions of counsel learned in the law, he, a man of more than forty years, had diligently sought to create an impression that he had been beguiled and seduced by the wiles and artifices of a young girl, of less than half his years; so that when she jilted him, as he might have known that she would, he had become so crazed, maddened and insane, as that he was ut-

terly unconscious of his acts, and irresponsible for what he had done. Of his intercourse with the woman, whom he had afterward slain, and for whose murder he was then on trial, he had told the jury whatever, it was thought, might make in his favor. Without objection from him or his counsel, he had acknowledged before the jury, that he had met the woman's husband, Mr. Kersey, at a time when they were living together, and at the picnic at the Exposition grounds. After this acknowledgment by the appellant, the prosecuting attorney asked him the following question ·

".State, if you were not, at that time, paying attention to her, and were not asked by Mr. Kersey, at that time, to leave Ida alone and have nothing to do with her."

To this question, the appellant objected, " as incompetent, irrelevant and immaterial, and as not being cross-examination;" which objection was overruled by the court, and to this decision he excepted.

It seems to us, that the appellant's objection was not well taken. The subject of his examination in chief was his intercourse with, his relations to, and his feelings toward, the woman, Ida Kersey; and the prosecuting attorney had the right, in his cross-examination, to draw out from him any act, matter or thing, which had any bearing, or would throw any light, upon the subject of his direct examination, in any of its aspects. In our view of the matter, the court below committed no error, in overruling the appellant's objection, or in admitting the evidence objected to.

In the appellant's motion for a new trial, the fifth cause assigned therefor was as follows:

" *Fifth.* The court erred in admitting in evidence, over the objection and exception of the defendant, the motion and affidavit for a continuance, which the defendant had filed in this cause."

It appears from the bill of exceptions, that the appellant objected to the introduction of said affidavit in evi-

dence, " on the ground that it was an *ex parte* affidavit, filed for the purpose of a continuance, and not proper evidence on the trial of a case, and as incompetent, irrelevant and immaterial." The objection was overruled by the court below, and the affidavit admitted in evidence, and to this decision the appellant excepted.

The purpose for which this affidavit was introduced in evidence is not stated in the record. It seems clear to us, however, that the affidavit was properly admitted in evidence. Certainly it was not objectionable on the ground of its *ex parte* character. It contained an admission of the homicide, by the appellant, under the sanction of his oath, which admission rendered it competent, material and relevant that far forth, even if it had not been so for any other purpose.

In said affidavit the appellant stated under oath, among other things, that, " upon the facts of the case fairly stated, he will be able to satisfy his jury in said action, that he was, at the time of the commission of the alleged homicide, incapable of knowing right from wrong, or of controlling his will, or doing what was right, or abstaining from doing what was wrong, in regard to the deceased and to said homicide." Here was such an admission by the appellant, of his commission of the alleged homicide, upon which the charge against him of murder in the first degree was predicated, as the State had a right to lay before the jury. For the purpose of showing this admission, and the record fails to show that it was used for any other purpose, we think that the appellant's affidavit was competent, and was properly admitted in evidence.

The appellant's learned attorneys have also complained, in argument, of two of the instructions of the court below to the jury trying the cause. These instructions were as follows:

" The jury are to presume the defendant innocent, until his guilt is established by the evidence beyond a reasonable doubt;" and again: " Every man is presumed

to be sane, and to intend the natural and ordinary consequences of his acts."

It is not claimed by counsel, as we understand them, that either of these instructions is intrinsically erroneous, or that either of them was inapplicable to the evidence before the jury.  But the instructions are complained of because of a supposed inconsistency of . each with the other of them.  It is supposed and claimed, that the presumption mentioned in the first of these instructions, as above set out, is stronger than, and must prevail against, the presumption mentioned in the second of said instructions.  There is nothing in the record of this cause which contravenes this proposition ; and therefore there is no question before us in regard to the relative strength of the two presumptions.  When this question is fairly made and presented, it will be time enough for us to consider and decide it.

Each of the instructions above set out stated the law fairly and correctly on the subject of the instruction ; and it can not be said, in our opinion, that either of them was erroneous, merely because it failed to state the strength of the presumption mentioned in one, as compared with the strength of the presumption mentioned in the other, of the said two instructions.  If the appellant wished the court below to instruct the jury as to the relative strength of the two presumptions, as compared one with the other, he should have asked for such an instruction. Not having done so, we can only say that neither of· the instructions given is erroneous, and that the point made by counsel in connection therewith is not presented by the record.

It was also urged in argument, by the appellant's counsel, that the court below had erred in its refusal to give the jury two of the instructions asked for by the appellant, numbered respectively 16 and 18.   It is not necessary, we think, that we should set out these two instructions, or either of them, in this opinion.   In each of

said instructions the difference between the two degrees of murder, under the statute of this State, is defined, and the consequence and effect of a reasonable doubt in the minds of the jurors, as to which of the two degrees the appellant was really guilty of, are correctly stated. But, on the subjects of these two instructions, it seems to us, that the instructions of the court below to the jury were remarkably full, clear and explicit, and presented in plain and intelligible language, free from doubt or uncertainty, the whole law of this State applicable thereto. Under these circumstances, which clearly appear in the record, we can not say that any error was committed by the court in refusing to give the instructions asked for.

It is insisted by the appellant's counsel, that the verdict of the jury in this case was insufficient to sustain the judgment of the court below, in this : that it did not specify or prescribe the mode in which the appellant should suffer death. In our opinion, this point is not well taken. As we have seen, section 2 of the felony act, *supra*, which section defines, and prescribes the punishment for, murder in the first degree, provides, that any person, upon conviction thereof, " shall suffer death." Section 4 of the same act, *supra*, implies, that the jury may sentence such person, upon such conviction, to death. But the criminal code of this State does not provide nor require that the jury shall prescribe, in their verdict, the mode in which the penalty of death shall be inflicted. Section 132 of the criminal code provides, that " The punishment of death prescribed by law must be inflicted by hanging by the neck, at such time, not less than fifteen days after conviction, as the court may adjudge." 2 R. S. 1876, p. 407. The jury determines the nature of the punishment— the penalty of death; but the law itself prescribes the mode in which such punishment " must be inflicted."

We have now fully examined the record of this cause, and have carefully weighed and considered the able and elaborate arguments, oral and written, of the learned

counsel of the appellant and of the State; and we are led to the conclusion, that there is no error in the record, of which the appellant can justly complain, or for which, under the law, this court can or ought to disturb the judgment of the court below. It seems very clear to us, from our examination of the record, that the appellant has had a fair trial by an impartial jury; that he has been heard and defended by counsel distinguished for their skill and ability; that the law applicable to his case was fairly and justly administered by the court below; and that the verdict of the jury was fully sustained and warranted by the evidence, and was in accordance with law. In such a case, it is the duty of this court, under the law, to affirm the judgment of the court below.

The judgment is affirmed.