May Term,
1859.

GRIFFITH *v.* THE STATE.*

GRIFFITH
v.
THE STATE.

A motion for a change of venue in criminal actions is, under the statute, addressed to the sound discretion of the Court; and the Supreme Court will not reverse a judgment because such motion has been overruled by the Court below, unless an abuse of that discretion appear from the record.

It is not error to refuse to postpone a cause on account of the testimony of an absent witness, unless the materiality of such testimony is shown.

A new trial ought not to be granted because of the admission of improper evidence upon the former trial, unless the illegality thereof be shown.

It is no error that the Court overruled a motion in arrest of judgment, when it does not appear from the record that any such motion was ever made.

Thursday,
June 16.

APPEAL from the *Montgomery* Circuit Court.

HANNA, J.—Indictment for larceny and robbing. Plea not guilty. Trial; verdict of guilty on the second count. Motion for a new trial overruled, &c.

The errors assigned are—

*First.*—On the ruling upon the application for a change of venue.

The reasons given in the affidavit for a change are, prejudice and undue excitement growing out of the trial of the co-defendants of affiant. This was, under the statute, a question for the sound discretion of the Court. 7 Ind. R. 164.—8 *id.* 441. We cannot perceive any abuse of that discretion.

*Second.*—On the ruling upon the motion to continue.

The affidavit avers that the affiant can prove, by one *Amanda Guinup*, that *William Guinup*, her husband, and a co-defendant, "returned home on the night of the alleged larceny and robbery, about the hour of ten o'clock, P. M., and remained at his home all the balance of said night; and that from said ten o'clock of said night, said *Guinup* was not in the company of this defendant, and could not be." The balance of the affidavit is in reference to the reason of the absence of the witness, &c.

Would the facts alleged in the affidavit have been material if proved.

* This case was decided on the 16th day of *February,* but held back on petition for a rehearing until this day.

This question we are not prepared to answer, for the reason that the evidence is not in the record, and, therefore, we are not informed as to the precise period of time at which the commission of the offense was attempted to be established. Averments were wanting in the affidavit to make it sufficient, before trial, to accomplish the object sought; and, after the evidence had been heard, the Court, looking to that evidence and the affidavit, overruled a motion for a new trial. In the absence of the evidence, we must presume in favor of that ruling. *Detro* v. *The State*, 4 Ind. R. 200.—*Hubbard* v. *The State*, 7 *id.* 160.

*Third.*—Upon the refusal of a new trial.

The question involved in this motion, and not already adverted to, was upon the admission of certain evidence in reference to the occupation of the defendant, and those joined in the indictment with him. As the evidence is not all in the record, we are not at all informed as to the connection in which that objected to was offered; and as we can readily see that a state of facts might have existed making the evidence admissible for some purposes, we will presume in favor of the ruling, in the absence of the purpose thereof, &c., appearing in the record.

The last error assigned is upon the ruling, on the motion to arrest the judgment.

The answer to this is, that no such motion appears to have been made.

*Per Curiam.*—The judgment is affirmed with costs.

*S. C. Willson* and *J. E. McDonald*, for the appellant.

*W. P. Fishback*, for the state.