## McKinlay and Others *v.* Shank.

AFFIDAVIT FOR CONTINUANCE. — An affidavit for the continuance of a cause on account of the absence of a witness whose place of residence is alleged to be unknown, must show that diligence has been used to ascertain the whereabouts of the absent witness.

VARIANCE. — PROMISSORY NOTE. — In a complaint upon a promissory note, the note was described as payable to the plaintiff, while the note filed with the complaint, and given in evidence, was payable to "A, or bearer."

*Held*, that as the variance could have been cured by amendment in the court below, the Supreme Court will, on appeal, regard the amendment as having been made.

APPEAL from the *La Grange* Circuit Court.

GREGORY, J.— *Shank* sued the appellant, in the court below, on a promissory note. The complaint avers that the defendants, by their note, a copy of which is filed herewith, promised to pay the *plaintiff* $136 20. The note is payable to *Horace Lewis, or bearer*. The defendants answered in two paragraphs : 1. That they admit the making of the note set up in the complaint, and that the same is still due and unpaid, but that the plaintiff is not the real party in interest; that the note, with other property, was delivered to *Shank* by one *Horace Lewis*, for the sole purpose of being used by *Shank* in the payment of any judgment that might be recovered against *Henry Lewis and others*, in favor of *Smith & Barnes*, in the *La Grange* Common Pleas, and when the judgment (if any was recovered) and the costs were paid, that then *Shank* was to deliver the balance to *James M. Flagg;* that the other property received by *Shank* from *Lewis* has paid the judgment recovered by *Smith & Barnes*,

except the costs, amounting to some $25, which sum is brought into court, and tendered to the plaintiff. 2. That the defendants have paid and satisfied the note, except $26, to *Flagg*, and they bring into court that sum to pay *Shank*, or as the court might direct. Reply, general denial.

Trial by the court; finding for the plaintiff; motion for a new trial overruled, and judgment.

At the proper time, a motion was made by the defendants to continue the cause, which was overruled. The affidavit for the continuance was made by *Flagg*, who swears that he is the attorney of record for the defendants, and is *acquainted with the facts;* that, as he verily believes, *Horace Lewis*, and a son of said *Horace*, whose name is, as affiant believes, *James*, are material witnesses for the defendants; that said *Horace* and *James Lewis* reside, as affiant is informed and believes, in *Minnesota*, but in what town affiant is unable to say; that they resided and were, as affiant believes, in said State at the commencement of this action, and ever since; that since the commencement of the action, not knowing the exact place of residence of said *Horace* and *James*, defendants have been unable to obtain the testimony of said witnesses in time to use it on the trial of this action at the present term; that they expect to prove by said witnesses that the note sued on is not the property of the plaintiff; that it was delivered to him by *Horace Lewis*, for the purpose of being used in the payment of any judgment which *Smith & Barnes* might obtain against *Henry Lewis & Co.*, in the Court of Common Pleas of *La Grange* County, *Indiana*, and after paying the judgment, the remainder of said property, and this note, were to be handed over to *James M. Flagg;* that the note and other property, so delivered to *Shank* by *Lewis*, were delivered for that purpose, and no other, and not to vest the ownership of the note, or other property, in *Shank;* that he believes said facts to be true, and that he knows of no other witness by whom the said facts can be proved, whose testimony can be as readily procured; that he believes the

testimony of said witnesses can be procured by the next term, and that this affidavit is not made for delay.

The reasons assigned for the new trial are: 1. That the finding of the court is contrary to the evidence. 2. That the court erred in overruling the defendant's motion for a continuance.

The evidence is in the record, and is as follows: "The plaintiff, to support the issues on his part, offered and read in evidence the note and the indorsement thereon, in the complaint mentioned, in these words:

"$136 20.                    *Lima, November 9th,* 1861.

Nine months after date, for value received, we, or either of us, promise to pay *Horace Lewis,* or bearer, one hundred and thirty-six dollars and twenty cents, with interest, without the benefit of the valuation laws.

[Signed,]                    JAMES McKINLAY,
                             PETER McKINLAY,
                             A. McKINLAY."

Indorsed: *"Horace Lewis."*

This was all the evidence.

By the pleadings, the note was admitted, and the plaintiff had no evidence to offer. The burden of proof was with the defendants; they offered no testimony, therefore, the court below committed no error in overruling the motion for a new trial, so far as the first reason assigned is concerned.

It remains to inquire whether the court erred in overruling the motion of the defendants for a continuance.

It is urged that *Flagg* is a competent witness, and that he swears that he is acquainted with the facts, but, taking the affidavit altogether, it is clear that *Flagg's* acquaintance with the facts is not of the kind that would enable him to state them as a witness, but was only from information and belief. But there is a want of diligence on the part of the defendants. The suit was commenced on the 23d of

*December,* 1862, the term commenced on the 23d of *March* following, and the affidavit was made on the 31st. The affidavit wholly fails to show what steps, if any, were taken to ascertain the whereabouts of the absent witnesses.

The variance between the note and complaint could have been cured by amendment in the court below, and this court will, on appeal, regard the amendment as having been made. 2 G. & H., § 580, p. 278.

The judgment is affirmed, with 1 per cent. damages, and costs.

*J. M. Flagg,* for appellants.

*A. Ellison,* for appellee.