————o————

## STULL v. HOWARD.

PRACTICE.—INSTRUCTIONS.—Where an instruction would have been proper, if coupled with other matter which ought to have accompanied it, the Supreme Court, in the absence of a showing to the contrary, will presume that it was coupled with such matter.

DEPOSITIONS.—SUPPRESSION OF.—By the statute, (2 G. & H., sec. 266, p. 178,) it is too late after the trial has begun to object to the reading in evidence

of depositions which contain evidence material to the party offering the same, unless matter not disclosed therein appears, which is sufficient to authorize such suppression.

EVIDENCE.—MARRIED WOMAN.—Suit by a married woman for the unlawful taking and conversion of a trunk. The defendant offered to prove that the plaintiff, with the assent of her husband, executed and delivered to him a writing which authorized the holding of the trunk for a debt due the defendant; which writing he proposed to put in evidence.

*Held,* that the evidence was proper, and should have been admitted.

APPEAL from the *Vanderburgh* Common Pleas.

FRAZER, J.—The appellee sued the appellant for unlawfully taking her personal property and converting it. The property was a trunk and contents, consisting mostly of her wearing apparel. A trial was had, the general denial with several special defenses being in, and a verdict was rendered for the plaintiff, assessing her damages at $400. A new trial was refused, and on that refusal error is assigned.

A bill of exceptions shows that "the court charged the jury that it was their duty to find the value of the goods taken and render a verdict for their full value, according to the testimony, they being the judges of the weight and credibility of the same." If this was all that the court said to the jury it would be error. What other instructions were given, if any, does not appear. This extract appears much as if it were but a part of what was given, and indeed it does not purport to be all of one instruction. It is easy to see that it was altogether proper, if coupled with other matter which ought to have accompanied it, and which, in the absence of a showing to the contrary, we think we ought to presume did accompany it. We cannot, therefore, reverse the case because of the instruction.

The plaintiff having closed her evidence, the defendant offered to read in evidence some depositions which had been duly taken, filed and published during the previous vacation, but, on objection made, the court refused this evidence and suppressed the depositions. They contained evidence very material to the defendant upon the question of the value of the property, as also some which may pos-

sibly have been immaterial. It was too late to suppress the depositions. The statute is plain as to that matter. 2 G. & H., § 266, p. 178. There was nothing disclosed upon the trial to authorize it. If parts of them were mostly immaterial, as is urged, possibly such parts might have been excluded, but it would be novel to exclude the whole of any instrument of evidence upon the ground that some portion of it is immaterial. The objection was too broad, and it was error to sustain it.

The plaintiff was a married woman. The defendant offered to prove that with the assent of her husband she executed and delivered to him the following instrument, which he then proposed to put in evidence:

"EVANSVILLE, INDIANA, *July* 28, 1865.

"I, the undersigned, do hereby give my consent and free will for Messrs. *Stull, Dulin & Brandon* to hold my trunk, now on *Hall & Rudd's* wharf-boat, for the amount due them by *Howard's* troupe.        Mrs. CARRIE HOWARD."

We think that this evidence was admissible. It would, with other evidence, have justified the taking. It is probable, however, that we would not reverse the case on this ground alone, as under the evidence which was in it could not possibly have changed the result. It appears that a sale had been made of the goods at the defendant's instance, without any authority whatever.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*A. Dyer* and *A. Iglehart*, for appellant.
*C. Denby*, for appellee.