### THE STATE *v.* FRAZER and Another.

HIGHWAYS.—DEDICATION.—In a prosecution for obstructing a highway, the court below charged the jury "that a road which communicates with a public road at one end only, and is closed up at the other, is not suscepti-ble of dedication to public use as a highway."

*Held,* that there might be a state of facts as applied to which the instruction would not be erroneous, and as the evidence is not in the record this court will presume in favor of the action of the court below.

OBSTRUCTION OF HIGHWAYS.—The following instruction given by the court on a prosecution for obstructing a highway was held to be erroneous: "The road must not only be used as a public highway, but must also be worked, to constitute it a highway within the meaning of the act forbidding the obstruction of highways."

APPEAL from the *Vermillion* Common Pleas.

GREGORY, J.—This case is brought to this court by appeal by the State, after the acquittal of the defendants, on the questions reserved during the trial. The evidence is not made a part of the record.

The State *v.* Frazer and Another.

The court below, over the objection and exception of the prosecuting attorney, instructed the jury, among other things, as follows:

"8. Neither the intention to dedicate land to the public for the purpose of a street or public road, nor the use thereof by the public in that manner, can make it a highway, nor confer upon the public the right of a highway in that which will not answer the settled definition of a highway. Therefore a way which communicates with a public road only at one end, being closed up at the other, is not susceptible of dedication to public use as a highway."

"9. The road must not only be used as a public highway, but must also be worked, to constitute it a highway within the meaning of the act forbidding the obstruction of highways."

It may be that the first of the foregoing instructions would be bad law applied to some state of facts, but in the absence of the testimony we are bound to presume in favor of the action of the court below. We think there might be a case where this instruction would not be erroneous. Without deciding on the rule recognized in *Holdane* v. *The Trustees of the Village of Cold Spring,* 23 Barb. 103, as an abstract proposition of law of universal application, we think in the case under consideration, as the record now stands, the court committed no error in giving the instruction.

We think the other instruction was clearly bad law. The statute provides that "upon prosecutions for obstructing a highway, it shall be sufficient to prove that it is used and worked as such." 2 G. & H., § 66, p. 475. But this does not mean that there cannot be a highway without its being worked. In our prairies and barrens it often happens that our highways need no work.

Under the criminal code (2 G. & H., § 119, p. 420,) the judgment below must be affirmed, at the costs of the appellees.

The judgment is affirmed.

*D. E. Williamson,* Attorney General, for the State.

*B. E. Rhoades,* for appellees.