*C. N. Pollard,* for appellants.

———————————•———————————

## MILLER *v.* VOSS.

PROMISSORY NOTE.—*Pleading.*—*Evidence.*—In a suit upon a promissory note in the hands of an indorsee, against the maker, where the execution of the note is denied under oath, but the general denial is not filed, proof of the delivery of the note by the maker to the payee is not required.

PRACTICE.—*Interrogatories to Jury.*—It is not error for the court, while giving

Miller *v.* Voss.

instructions to the jury, to refuse to submit interrogatories to the jury; nor is it the duty of the court to call for them at the conclusion of the charge.

SAME.—*Bill of Exceptions.*—*All the Evidence.*—*Instructions.*—Where a bill of exceptions conclusively shows that all the evidence is not in the record, the court will not regard the statement that it contains all the evidence; and, therefore, if the instructions given could have been proper under any evidence admissible under the issues, the case will not be reversed upon the instructions.

APPEAL from the Howard Circuit Court.

WORDEN, J.—Complaint by the appellee against the appellant on a promissory note, executed by the appellant to one J. C. Fitzgerald, and by the payee endorsed to John Pitman, and by the latter endorsed to the plaintiff, for the sum of two hundred dollars, with ten per cent. interest, and attorneys' fees if suit should be instituted thereon, payable at the First National Bank of Kokomo.

The defendant answered, first, by denial of the execution of the note, under oath; and, second, that the note was obtained by deception and without consideration, and that it was not transferred to the plaintiff in good faith upon a good consideration before maturity.

Replication in denial.

Trial, verdict, and judgment for the plaintiff. Motion by the defendant for a new trial overruled and exception.

The evidence on the trial showed that the plaintiff purchased the note before maturity, for a valuable consideration, and without notice of any objections to its validity. There was sufficient proof of the genuineness of the defendant's signature to the note, but there was no affirmative proof of its delivery by the defendant to the payee. There was, we think we may say, no proof in the record on that subject either way. It is objected that there could be no recovery without evidence of such delivery.

This objection is not, in our opinion, well taken. The general denial was not filed; hence it was not denied that the payee endorsed the note to Pitman, and that Pitman endorsed it to the plaintiff. Fitzgerald, the payee, then must have had the note in his possession, otherwise he could not

have endorsed it to Pitman; and that possession raised the presumption, *prima facie*, that it had been delivered to him by the maker. This doctrine is applied even to deeds. *Berry* v. *Anderson*, 22 Ind. 36.

It is urged that the court erred in receiving improper evidence. This, however, was not made a ground of the motion for a new trial.

After the argument of the cause, and while the court was reading instructions to the jury, the defendant asked that certain interrogatories be propounded to the jury, to be answered by them in case they found a general verdict for the plaintiff, and this was refused. There was no error in this. In the case of *Malady* v. *McEnary*, 30 Ind. 273, this court say: "The court was called upon in the midst of its charge, to consider the interrogatories offered. Such a proceeding is unheard of in practice."

The interrogatories were offered at an improper time, and the court committed no error in refusing to then stop and consider them. They were not again offered after the court had finished its charge, and we do not think it was the duty of the court to then call upon counsel for them, in order that they might be considered.

The record shows that the defendant offered evidence which was rejected, and this is made a ground of the motion for a new trial. No error is pointed out in this respect, in the brief of counsel, and we discover none.

Objection is made to the instructions given by the court. The evidence is not all in the record. A letter written by the defendant to Fitzgerald, the payee of the note, was admitted in evidence, but is not in the record. The clerk, in a note, explains that it is not on file. The bill of exceptions, to be sure, purports to contain all the evidence, but from the bill it conclusively appears that the letter went in evidence, and it is not in the bill of exceptions at all. In such case, we cannot regard the evidence as all being in the record. *Ward* v. *Bateman*, 34 Ind. 110.

This letter may have been of the utmost importance. We

are not apprised of its contents. Now, as the evidence is not all in the record, we cannot say that any of the charges of the court were wrong as applied to the case that may have been made by the evidence. It has long been settled that if under any supposable state of the evidence that could have been adduced under the issues, the evidence not being in the record, the instructions could have been correct, it will be presumed that that state did exist. *Vide* cases cited in note *d*, 2 G. & H. 200.

The motion for a new trial was based partly on the refusal of the court to give certain instructions, and on newly-discovered evidence; but neither the instructions asked by the defendant and refused, nor the affidavits in support of the motion, are in the record.

We find no available error in the record; hence the judgment below must be affirmed.

The judgment below is affirmed, with costs and five per cent. damages.

*H. A. Brouse,* for appellant.

*G. H. Voss,* for appellee.