## Miller *v*. The State.

PRACTICE.—*Criminal Law.*—*Continuance.*—*Affidavit.*—*Diligence.*—A person was indicted in June, and an application was made in September of the next year for a continuance of the case on the ground that a material witness was absent, and the statement in the defendant's affidavit as to the residence of the witness and the diligence used to obtain his testimony was as follows: "That he believes the said witness resides in Miami county, Indiana; that he caused a subpœna to be issued and placed in the hands of a special messenger, who, under the order of this court, made an effort to serve the summons, but said summons has been returned not found;" it not being stated when the subpœna was issued, and it not appearing when the defendant was arrested.

*Held*, that the affidavit was not sufficient to entitle the defendant to a continuance.

APPEAL from the Grant Circuit Court.

OSBORN, C. J.—The appellant was indicted for grand larceny, tried by a jury, and convicted, and, over a motion for a new trial, sentenced to be imprisoned in the state prison for three years, to pay a fine of five dollars, and be disfranchised for five years.

The only ground for a new trial was the refusal of the court to grant a continuance on his motion and affidavit, and the only error assigned is in overruling the motion for a new trial.

The continuance was asked on account of the absence of a witness. The facts, which the appellant in his affidavit stated the absent witness would testify to, were material, and tended to show his innocence of the crime charged against him in the indictment. The question, we think, is, whether he showed sufficient diligence to ascertain the residence of the witness and to obtain his testimony.

The indictment was found by the grand jury in June, 1872. It is not stated in the affidavit, nor does it otherwise appear when he was arrested. The affidavit for continuance was made on the 17th of September, 1873. The statement as to the residence of the witness and the diligence used to obtain his testimony is as follows: "That he believes the said witness resides in Miami county, Indiana; that he

caused a subpœna to be issued and placed in the hands of a special messenger, who under the order of this court made an effort to serve the summons, but said summons has been returned not found." That is not sufficient. It is not stated when the subpœna was issued. The residence of the witness may have been known to the appellant all the time, and the issuing of the subpœna negligently postponed until the day before the cause was called for trial, and the failure of the officer to find the witness caused by his temporary absence, or for the want of reasonable time to make search for him. Although the provisions of the civil code do not necessarily govern in criminal practice, it has been held that it is reasonable to consult them in the absence of special provisions in the criminal code, in establishing rules, as the court must, in relation to procedure in criminal cases. *Wheeler* v. *The State*, 8 Ind. 113; *McLaughlin* v. *The State*, 8 Ind. 281.

We think that when a defendant in a criminal case asks a continuance on account of an absent witness, reasonable diligence to obtain the witness, or an excuse therefor, must be shown, or the application should be refused. The fact that a subpœna was issued and placed in the hands of an officer for service, without showing when it was done, does not show reasonable diligence. The party delays at his peril.

The judgment of the said Grant Circuit Court is affirmed, with costs.

*A. Steele* and *R. T. St. John*, for appellant.

*J. C. Denny*, Attorney General, for the State.