## LOVELL *v.* THE STATE.

BILL OF EXCEPTIONS.—*Affidavit.*—*Change of Venue.*—Affidavits filed in support of a motion for a change of venue will not be considered by the Supreme Court on appeal, unless they be made a part of the record by a bill of exceptions.

CRIMINAL LAW.—*Indictment.*—*Grand Jury.*—The caption of an indictment showed the impanelling of the grand jury in the county of Sullivan, State of Indiana, and the indictment was entitled "State of Indiana, Sullivan county," etc., and commenced, "The grand jurors of the State of Indiana, being duly impanelled, sworn, and charged to inquire of crimes and offences committed within the body of the county of Sullivan, in the State of Indiana, in the name, and by the authority, and in behalf of said State of Indiana, upon their oaths present,"etc.

*Held,* that the county in and for which the grand jury was impanelled was sufficiently shown.

SAME.—*Verdict.*—A general verdict of guilty on an indictment containing several counts is equivalent to a verdict of guilty, as the defendant stands charged in the indictment, in each and every count thereof.

From the Sullivan Circuit Court.

*H. D. Scott, D. W. Voorhees, G. G. Reily,* and *J. C. Briggs,* for appellant.

*J. C. Denny,* Attorney General, for the State.

WORDEN, C. J.—The appellant was indicted for felony, the indictment containing four counts: First. For an assault with intent to murder William G. Adams. Second. For an assault and battery with the same intent. Third. For an assault with intent to rob the said Adams. Fourth. For an assault and battery with the like intent.

Motion for a change of venue from the county overruled, and exception. Motion to quash overruled, and exception. Arraignment, plea of not guilty, trial by jury, conviction, and sentence of imprisonment in the State's prison for the term of two years, over a motion in arrest of judgment.

The errors assigned relate alone to the rulings upon the motions for a change of venue, to quash, and in arrest of judgment.

The clerk has copied into the transcript several affidavits, apparently filed with a view to the motion for a change of

venue; but as they are not made a part of the record by any bill of exceptions, they raise no question for our consideration.

The question presented by the motions to quash and in arrest is whether the indictment sufficiently shows the county in and for which the grand jury was impanelled.

The record shows, by way of caption, the holding of the court at the court-house in Sullivan, in the county of Sullivan and State of Indiana, on Monday, the 12th day of January, 1874, before the honorable Chambers Y. Patterson, judge of the Fourteenth Judicial Circuit of the State, composed of the counties of Vigo and Sullivan; and that on the first day of the term the grand jury was regularly impanelled, sworn, and charged, and retired, attended by their bailiff, to their room to deliberate. It further shows that on the second day of the term the following proceedings were had, viz.: "Now comes into court the grand jury of our said county, attended by their sworn bailiff, and present the following true bill of indictment by them found, to wit:" Here follows the indictment.

The indictment itself commences as follows:

"STATE OF INDIANA, SULLIVAN COUNTY, ss.

"Sullivan Circuit Court, January Term, 1874.

"*State of Indiana* v. *Richard Lovell.* Indictment.

"The grand jurors of the State of Indiana, being duly impanelled, sworn, and charged to inquire of crimes and offences committed within the body of the county of Sullivan, in the State of Indiana, in the name, by the authority, and in behalf of said State of Indiana, upon their oath present," etc.

In addition to the fact that the caption shows the impanelling of the grand jury in the county of Sullivan, the indictment itself is entitled as of that county, and shows that the grand jury was impanelled, sworn, and charged to inquire into offences committed within that county. The indictment in this respect is clearly good, and the objection not well taken. See on this subject *Bailey* v. *The State*, 39 Ind. 438.

It is further objected that the verdict is insufficient. It is

as follows: "We, the jury, find the defendant guilty, and sentence him to two years imprisonment in the State's prison, and assess his fine at one cent.

"JOHN HUME, Foreman."

It is no objection to the verdict that it does not in express terms find the defendant guilty "as he stands charged in the indictment." *Moon* v. *The State*, 3 Ind. 438; *Evans* v. *The State*, 7 Ind. 271. This must be because a general verdict of guilty signifies that the defendant is guilty as he stands charged in the indictment, and is equivalent to such verdict. The verdict in this case is equivalent to a verdict of guilty, as the defendant stood charged in the indictment, in each and every count thereof. The verdict is in no manner inconsistent with itself, for the defendant may have perpetrated an assault or an assault and battery upon Adams with intent both to rob and murder him. Had there been any substantial defect in the verdict, perhaps the objection should have been taken by a motion for a *venire de novo*, which was not done here. But as we have seen, there was no defect in the verdict.

There is no error in the record, and the judgment must be affirmed.

The judgment below is affirmed, with costs.