## MULLEN v. THE STATE.

CRIMINAL LAW.—*Arrest of Judgment.*—In a criminal action, a motion in arrest of judgment lies for only two causes; first, that the grand jury which found the indictment had no legal authority to inquire into the offence charged, by reason of its not being within the jurisdiction of the court; and, second, that the facts stated do not constitute a public offence.

From the Marion Criminal Circuit Court.

*L. Jordan* and *H. Jordan,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

PETTIT, C. J.—The indictment in this case was in two counts. The first was for robbery, and the second was for grand larceny. Plea of not guilty. Trial by jury, verdict of guilty, with fine of one dollar and two years in the state prison, and disfranchisement for the same period. Motions for a new trial and in arrest overruled, and judgment on the verdict.

The errors assigned are the overruling of these motions. An arrest of judgment in a criminal case can only be had for two causes : " First. That the grand jury who found the indictment had no legal authority to inquire into the offence charged, by reason of it not being within the jurisdiction of the court. Second. That the facts stated do not constitute a public offence." 2 G. & H. 424, sec. 144. *Bishop* v. *The State, ante,* p. 125; *Lowe* v. *The State,* 46 Ind. 305.

It is not pretended, nor does either of these causes in fact or law exist in this case. The motion for a new trial was for the following reasons :

" 1. The verdict is contrary to evidence.

" 2. The verdict is contrary to law."

The evidence, all of which is in the record, clearly and conclusively shows that the defendant was guilty of robbery, as charged in the first count of the indictment, founded on sec. 18, 2 G. & H. 442. The verdict is not contrary to law, but is clearly in full accord with it.

The judgment is affirmed, at the costs of the appellant.