BLIZZARD ET AL. *v.* BROSS.

PLEADING.—*Evidence.—Fraud.—Reforming Judgment.—Injunction.—Sheriff's
Sale.*—In an action by the judgment defendant, against his judgment plain-
tiff, to obtain a decree satisfying a judgment rendered by default, to set
aside a sheriff's sale of the lands of the former, to the latter, on an exe-
cution issued upon such judgment, and to reform or correct the amount
of such judgment, the complaint alleged that such judgment was ren-
dered upon, and for the full face of, a promissory note executed by the
former, to the latter, by mistake, for too large an amount, but that after-
wards the former was prevented from taking the necessary legal steps to
have such default set aside, and the amount of such judgment corrected,
by the admission of the latter that such excess was unjust, and by his
promise that the collection of the same would not be enforced.

*Held,* that, under such complaint, evidence could have been admitted to
show that the plaintiff had been about to institute proceedings to have
such judgment corrected.

SAME.—*Instruction to Jury.*—In such cause, an instruction to the jury that
the plaintiff could not recover, if any part of such judgment, interest or
costs remained unpaid at the date of the sale of his land, was properly
refused.

EVIDENCE.—*Judgment.—Certified Copy.*—The rendition of a judgment in
issue may be established by a duly certified copy of the pleadings, pro-
ceedings and judgment in the cause wherein such judgment is alleged to
have been rendered.

SUPREME COURT.—*Instruction to Jury.*—Where, on the trial of a cause,
under the issues formed, evidence could have been given to which an in-
struction given to the jury would have been applicable, the Supreme
Court, on appeal, where the evidence is not in the record, will presume
that such evidence was given.

SAME.—*Refusal to give Instruction.*—Where the evidence given on the trial
of a cause is not in the record, the refusal of the court trying such cause,
to give to the jury an instruction asked, is not available as error on ap-
peal to the Supreme Court.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellants.

*J. H. Matlock*, for appellee.

WORDEN, J.—Action by the appellee, against the appellants, to procure an order of satisfaction to be entered upon a judgment which Blizzard had recovered against Bross, in the court of common pleas of that county, upon the ground that the same had been paid and satisfied; and to set aside the sale of certain real estate, made to Blizzard, by the sheriff, by virtue of an execution issued upon the judgment after it had been thus satisfied; and also to correct the judgment, or rather to enjoin the collection of a part of it, it having been rendered, as was alleged, by default, for forty dollars too much.

In respect to the amount of the judgment, it was alleged that the note on which it was rendered, was, by mistake, given for forty dollars too much; that after the rendition of the judgment, Blizzard assured the plaintiff that it should not be enforced as to said excess of forty dollars; and the plaintiff, relying upon the good faith of the defendant in promising not to enforce the judgment as to the excess, was, by said promise and assurance, prevented from taking any steps to set aside the default, or to reform the judgment in that respect.

Issue, trial by jury, verdict and judgment for the plaintiff.

The defendant moved for a new trial, but his motion was overruled, and he excepted, and appeals to this court.

No question is made here, except that arising on the motion for a new trial.

On the trial, the court gave to the jury the following instruction, to which the defendant excepted, viz.:

"If you find from a preponderance of the evidence, that there was a mistake made in the rendition of the judgment in favor of Samuel B. Blizzard, in the court of common pleas of White county, against the plaintiff,

John Bross, by which mistake the said judgment was rendered for forty dollars more than was legally due to said Blizzard; and should you further find, from a preponderance of the evidence, that Bross, the defendant in that judgment, was about to institute proceedings, within one year from the rendition thereof, to have said judgment corrected, and if you should further find, that Blizzard, either in person or by his agent, told Bross that he need not take such steps, that they were aware of the error, and would not enforce it, and that Bross relied on such statement of said Blizzard, and was thereby induced not to take steps to correct the said judgment, and afterwards Blizzard had an execution issued on said judgment, and said erroneous amount was embraced in said execution, and the said Blizzard, being the plaintiff in such judgment, purchased the lands of the said Bross, sold upon execution, this is such a fraud on the part of Blizzard, as will vitiate the sale, and you should find for the plaintiff, providing all the other material allegations of the plaintiff's complaint are proven to your satisfaction, by a preponderance of the evidence."

The following is the objection urged to the instruction as stated in the brief of counsel for the appellant.

"The objection we urge against the instruction by the court, is, that there was no pleading, and could not have been and was not any evidence, to which the instruction was applicable. The complaint nowhere alleges that the appellee was, within one year, about to commence proceedings to set aside the default, or to have a review of the judgment; in fact, the complaint shows that such proceedings could not have been sustained, had they been commenced."

The evidence is not in the record, and we can not say, therefore, what was proved ; but we must presume, that the charge was applicable to the case made by the evidence, if such evidence could have been admitted under the issues. It is alleged in an amendment to the com-

plaint, that the plaintiff, by the promise and assurance of the defendant that the judgment should not be enforced for the excess, was prevented from taking any steps to set aside the default, or to reform the judgment. This allegation, in our opinion, was sufficient to admit the introduction of evidence to which the charge of the court might have been applicable. The allegation that the plaintiff was prevented, by the means stated, from taking steps to set aside the default, etc., was sufficient to let in proof that he was about to take such steps, and would have done so, but for the promise and assurance of the defendant. It sufficiently appears by the pleading, that the assurance given to the plaintiff, by the agent of the defendant, was within a year after the rendition of the judgment.

We are by no means enabled to say that the plaintiff could not have made out a case for relief under the 99th section of the code, which, as amended, extends the period for relief to two years. We can not say, that any error was committed in giving the charge.

The defendant asked, and the court refused, the following charge :

" In order to prove that there was a judgment rendered in favor of the defendant Samuel B. Blizzard, against the plaintiff in this action, John Bross, the original papers in the case in which said judgment was rendered, and the judgment of the court in said case, would have to be in evidence before you."

In the absence of the evidence, we can not say that any error was committed in refusing this charge.

Without considering any other view of the charge, we think it clear, that if a duly certified copy of the proceedings and judgment, including the " original papers," had been given in evidence, this would have dispensed with the necessity of introducing the original papers.

The following charge was also asked and refused :

" If you find from the evidence that the real estate de-

scribed in the complaint was turned out by the plaintiff, John Bross, to the sheriff of White county, Indiana, to levy said execution on, upon which the same was sold, as alleged in the complaint, and there was any amount due on said execution, either for principal and interest or costs, at the time of said levy and sale, then you should find for the defendant."

No error was committed in refusing this charge, that we are able to discover. It may not have been applicable to the case made by the evidence. There may have been no evidence that the land was turned out by the plaintiff. But, beyond this, the charge cut off any inquiry as to the mistake in the amount of the judgment, and the defend-ant's agreement in respect thereto; for the execution, it may be supposed, was issued for the full amount of the judgment.

There is no error in the record.

The judgment below is affirmed, with costs.