<hr/>

Margin reference: 57 527 / 167 182

## HANRAHAN v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Billiard Table.*—*Suffering Minors to Congregate.*—*Motion in Arrest.*—An indictment under the act of March 8th, 1873, (2 R. S. 1876, p. 484,) in relation to the keepers of billiard tables, charged, that the defendant, "having the control and management of" a saloon in which billiard tables were kept, suffered and permitted certain minors to congregate in such saloon.

*Held,* on motion in arrest, that the indictment is insufficient.

From the Carroll Circuit Court.

*B. B. Dailey,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

BIDDLE, C. J.—The appellant stands charged by indictment as follows:

"The grand jurors of Carroll county, in the State of Indiana, good and lawful men, duly and legally empanelled, charged and sworn to inquire into felonies and certain misdemeanors within and for the body of said county of Carroll, do upon their oaths present, that one

Anthony Hanrahan, late of said county and State, on the 1st day of March, A. D. 1877, at said county and State, and [did?] then and there unlawfully suffer and permit Wilson Barnett and George Black, minors, persons under the age of twenty-one years, to congregate at, in and about his saloon, in which billiard tables were kept, he, the said Anthony Hanrahan, then and there having the control and management of said saloon in which were kept billiard tables; that said billiard tables were not kept or used by a private family; contrary to the statute," etc.

This indictment is founded on the 2d section of the act of March 8th, 1873, (2 R. S. 1876, p. 484,) which is in the following words:

" Sec. 2.   That any person owning or having the care, management, or control of any billiard table or tables, bagatelle table or pigeon-hole table kept in any saloon, hotel or other public place who shall suffer or permit minors to congregate at, in and about such place where such billiard table or tables, bagatelle table or pigeon-hole table may be kept, shall, for each offence, be fined in any sum not less than twenty-five dollars, nor to exceed five hundred dollars."

There was a plea of not guilty to the indictment, upon which a trial by jury and a conviction were had, and a fine assessed.

The appellant moved in arrest of judgment, but the court overruled the motion, and rendered judgment against the appellant.   Exceptions and appeal.

It is not always necessary to literally follow the words of a statute creating or declaring an offence, but the offence must be substantially stated in the indictment, either in the same or equivalent words.   We do not think the words, " having the control and management of said saloon in which were kept billiard tables," as averred in the indictment, are equivalent to the words, " having the care, management, or control of any billiard table," as

used in the statute  Having the control and management of a saloon is clearly different from having the care, management or control of a billiard table, although the table might be within the saloon.  The right to control the saloon might be in one person, and the right to control a billiard table in the saloon in another person.

This indictment does not sufficiently state any public offence, and we think the court should have sustained the motion in arrest of judgment.  *Mullen* v. *The State*, 50 Ind. 169; *McGuire* v. *The State*, 50 Ind. 284; *Laydon* v. *The State*, 52 Ind. 459, and *Shepherd* v *The State*, 54 Ind. 25.

The judgment is reversed, and the cause remanded, with instructions to sustain the motion in arrest of judgment.