SCHOONOVER *v.* IRWIN ET AL.

TRESPASS.—*Defence.*—*Parol License.*—*Pleading.*—In an action for trespass, in entering upon the lands of the plaintiff and removing therefrom a building erected thereon, the defendant answered, that, under a parol license from the plaintiff so to do, he had, at his own expense, erected and removed such building, doing no unnecessary damage to the plaintiff's land.

*Held,* on demurrer, that the answer is sufficient.

BILL OF EXCEPTIONS.—*Filing.*—*Time.*—*Supreme Court.*—Where sixty days' time from the 3d of December is allowed, within which to file a bill of exceptions, the 2d day of February following is too late for such filing.

SAME.—*Evidence.*—*Instruction to Jury.*—Where instructions to a jury are not abstractly wrong, as legal propositions, and the evidence is not in the record, the Supreme Court, on appeal, can not consider their applicability to the evidence.

From the Warren Circuit Court.

*G. O. Behm, J. Park* and *A. O. Behm,* for appellant.

*J. McCabe,* for appellees.

NIBLACK, J.—The appellant, James Schoonover, sued the appellees, William H. Irwin, George A. Schaffer, William H. Reed and John P. May, for entering upon his lands and dismantling and hauling away a frame house.

The defendants answered in three paragraphs:

1. The general denial.

2. That the defendants acted under a parol license to The Wabash Coal & Iron Mining Company, giving the circumstances under which the license was alleged to have been granted.

3. That the firm of George A. Schaffer & Co., of which the defendant George A. Schaffer was a member, built said house on the lands in the complaint described, with their own money, temporarily, and with a view and intention of removing the same at pleasure, under a parol license from the plaintiff so to do; that, in accordance with such license and intention, the said George A. Schaffer employed the other defendants to aid and assist him in removing said house, and that they, in good faith, did so aid and assist him under such employment, supposing that said house belonged to the said George A. Schaffer & Co., doing no unnecessary damage to the plaintiff's premises, and that this constituted the trespass complained of.

A demurrer was sustained to the second paragraph, and overruled to the third paragraph of the answer.

The plaintiff replied in general denial of the third paragraph, and upon a trial there was a verdict and judgment for the defendant.

The appellant assigns, as errors, the overruling of the

demurrer to the third paragraph of the answer, and the refusal of the court to grant a new trial in the cause.

Enough was shown, we think, in the third paragraph of the answer, to set up substantially as a defence a parol license, supported by a valid consideration. From the au-- thorities, that would seem to be sufficient. *Snowden* v. *Wilas,* 19 Ind. 10; *Miller* v. *The State,* 39 Ind. 267; Herman Estoppel, 437; 1 Washburn Real Property, chap. 1, sec. 4.

The appellees object, that the evidence is not properly in the record, and that hence we cannot review the action of the court below in refusing to grant a new trial.

It appears from the record, that the cause was tried on the 3d day of December, 1873, and that, on that day, sixty days were allowed in which to prepare and file a bill of exceptions containing the evidence. It further appears, that the bill of exceptions, copied into the record, was filed on the 2d day of February, 1874. As we are required to compute the time, that was one day too late. 2 R. S. 1876, p. 311, sec. 787.

The bill of exceptions thus filed has therefore been improperly copied into the record, and cannot be considered by us as composing any part of the record. *Port* v. *Russell,* 36 Ind. 60; *Scudder* v. *Crossan,* 43 Ind. 343; *The City of Terre Haute* v. *Ripley,* 43 Ind. 508.

The evidence not being in the record, we are unable to judge of the sufficiency of the causes assigned for a new trial. Certain instructions are in the record, of which the appellant complains, but we cannot say that they are wrong as abstract legal propositions, and, without a proper bill of exceptions, we cannot form any conclusion as to their applicability to the evidence.

We see no error in the record, of which the appellant is in a position to complain.

The judgment is affirmed, at the costs of the appellant.