Merrick *v.* The State.

## MERRICK *v.* THE STATE.

CRIMINAL LAW.—*Indictment.*—*Murder.*—*Description of Deceased.*—It is not necessary, in an indictment for the murder of a person therein named, to aver that such person was " a human being."

SAME.—*Negative Averment.*—In an indictment for murder, wherein death is alleged to have resulted from a mortal wound, made upon the person of the deceased " by cutting " with a purpose to kill and with premeditated malice, it need not be alleged that such wound was not inflicted in performing a necessary surgical operation upon the person of the deceased.

SAME.—*Electing between Counts.*—Where an indictment contains several counts, each charging the murder of the same person, but in a different manner, the State can not be compelled to elect between such counts.

SAME.— *Change of Venue from County.*— *Judicial Discretion.*— *Supreme Court.*—The Supreme Court will' not review the overruling of a motion for a change of venue from the county, where it does not appear from the record that the court had exceeded its discretion.

SAME.—*Affidavit for Continuance.*—An affidavit for a continuance on account of the absence of a witness should show that due diligence has been used to procure the attendance of the witness, and the time when his attendance can probably be had.

SAME.—*Empanelling Special Jury on Special Venire.*—The court has power to order a special venire for a special jury to try a defendant, if the business of the court so require.

SAME.—*Order of Introducing Evidence.*—*Judicial Discretion.*—It is within the discretion of the court to allow the State, during the introduction of the defendant's evidence in chief, to call a witness as to original matter.

SAME.—*Supreme Court.*—*Record.*—*Instructions.*—*Presumption.*—Where the evidence is not in the record, and the instructions given to the jury are not abstractly wrong, the Supreme Court, on appeal, will presume that the instructions were properly given.

SAME.—*Refusal to Give Instruction.*—In such state of the record, the refusal of the court to give to the jury an instruction asked will be presumed by the Supreme Court to have been right.

SAME.— *Murder.*—*Evidence.*—*Body of Deceased.*—It is not error, on the trial of a defendant indicted for murder, to admit evidence that a body claimed to be that of the deceased is the body of a human being.

SAME.—*Possession of Deadly Weapons.*—Where an indictment for murder charged the killing to have been caused by the infliction of mortal wounds, it was not error to admit evidence that weapons with which such wounds might have been inflicted were carried by the defendant on the alleged day of the murder.

SAME.—*Verdict.*—A general verdict of guilty "as charged in the indictment," returned on. an indictment charging the same crime in separate counts, is valid.

SAME.—*Venire De Novo.*—A *venire de novo* can be awarded only where no judgment can be rendered upon the verdict, in consequence of its imperfection or uncertainty.

SAME.—*Arrest of Judgment.*—The judgment in a criminal case can be arrested only because the court has no jurisdiction of the case, or because the indictment does not state facts constituting a public offence.

SAME.—*Evidence Before Grand Jury.*—The prosecuting attorney can not be compelled to furnish the defendant with a copy of the evidence given against him before the grand jury in finding the indictment.

SAME.—*Short-Hand Reporter.—Rights of, as to Payment.—Defending as Poor Person.—Judicial Discretion.*—Under section 4 of the act of March 10th, 1875, 1 R. S. 1876, p. 770, a short-hand reporter may require payment, or security therefor, of a party demanding a long-hand copy of his notes of the evidence, before proceeding to prepare it ; though the court may, in its discretion, admit. the defendant to defend as a poor person, and direct that such copy be furnished to him, to enable him to prepare a bill of exceptions.

SAME.—*Bill of Exceptions.*—It is not error to refuse to admit a copy of the short-hand notes of the evidence into a bill of exceptions.

SAME.—*Supreme Court.*—The Supreme Court has no authority to direct such short-hand notes to be copied and to order them to be paid for out of the state or county treasury.

SAME.—Error can not be predicated upon the action of the lower court in tying the short-hand notes of the evidence to the record of the cause.

SAME.—*Time for filing Bill of Exceptions.—Judicial Discretion.*—The length of time to be allowed for the preparation of a bill of exceptions is to be fixed by the court trying the cause, in the exercise of a sound discretion.

From the Marion Criminal Circuit Court.

·R. D. *Logan*, W. P. *Adkinson*, A. A. *Falkenburg* and B. F. *Davis*, for appellant.

T. W. *Woollen*, Attorney General, J. B. *Elam*, Prosecuting Attorney, and J. L. *Mitchell*, for the State.

BIDDLE, J.—The appellant was indicted for the murder of Julia Merrick, tried, convicted and sentenced to death.

The indictment contains two counts, each count charging murder in the first degree. The first count charges the killing to have been done by administering poison ; the second, by inflicting certain mortal wounds.

On motion for a new trial, seventy-two causes were assigned therefor; but, as the evidence, to which the instructions given, and refused to be given, had reference, and upon which the conviction was had, is not before us, but few questions are raised thereby.

Twenty-four assignments of error are alleged in this court, many of which are merely causes for a new trial, and, as assignments of error, present no questions here. Such questions as are properly presented by the record, and discussed on behalf of the appellant, will be noticed in the order of the proceedings.

1. The appellant moved to quash each count of the indictment. His motion was overruled, and he excepted.

· The principal ground urged for quashing the indictment was, that it is not averred that Julia Merrick was " a human being." We know of no precedent or form that requires this averment. It was not necessary at common law, nor has it been made so by statute. In the old form, the person killed was described by name, to which was generally added the words, " a reasonable creature, in being, and under the King's peace ; " but indictments were not insufficient for want of these additional words. The name imports a human being; that is sufficient.

It is claimed that the second count is bad, because it does not aver that the mortal wound, made by cutting the womb, "was not done in a surgical operation, and that the same was not a necessary operation in protecting and trying to save the life of Julia Merrick." If it was directly averred that the killing was done in performing a surgical operation, if done with a purpose to kill and with premeditated malice, as in this indictment is averred, it would doubtless be sufficient.

These objections have no validity. The indictment is sufficient. 4 Bl. Com. 197 ; 1 Wharton Precedents, 114, 185.

2. The appellant moved the court to require the State

to elect upon which count in the indictment the appellant should be tried. The motion was overruled, and exceptions reserved.

There is no error in this ruling. Several felonies of the same class may be joined in different counts in the same indictment, and it is not error to refuse to require the State to elect upon which one the defendant shall be tried. In this case both counts are for killing the same person, differing only in the manner in which the killing was done. There was no necessity to require the State to elect upon which count the appellant should be tried. *McGregor* v. *The State,* 16 Ind. 9 ; *Griffith* v. *The State,* 36 Ind. 406 ; *Mershon* v. *The State,* 51 Ind. 14.

3. A motion was made for a change of venue on account of the excitement and prejudice against the appellant in the county. The motion was overruled. The appellant complains of this ruling.

Affidavits were received in favor of the motion and against it. The court considered and decided the question of fact upon this evidence. It was discretionary with the court to deny or grant the motion. It is impossible for this court to say fairly, from the evidence, that a sound judicial discretion was exceeded in the ruling. We can not therefore hold it as error. *Griffith* v. *The State,* 12 Ind. 548; *Fahnestock* v. *The State,* 23 Ind. 231; *Anderson* v. *The State,* 28 Ind. 22; *Morgan* v. *The State,* 31 Ind. 193; *Clem* v. *The State,* 33 Ind. 418; *Bissot* v. *The State,* 53 Ind. 408.

4. The court overruled a motion for a continuance of the case on account of the absence of witnesses, founded on the affidavit of the appellant. He complains of this ruling.

The defect in the affidavit is, that it states that the witnesses reside in the city of Indianapolis, and fails to show proper diligence in having them subpœnaed. The appellant

was indicted on the 12th day of October, 1878, and did not
subpœna his witnesses until the 27th day of November,
1878. The affidavit is also defective in not showing when
the attendance of the witnesses can be procured, or
whether ever. It does not fulfil the requisites of the
statute to obtain a continuance of a cause. 2 R. S. 1876,
p. 164, sec. 322. Nor does it come within the decisions of
this court. *Hall* v. *The State*, 8 Ind. 439 ; *Deming* v. *Patterson,*
10 Ind. 251; *Mugg* v. *Graves*, 22 Ind. 236; *McKinlay* v.
*Shank*, 24 Ind. 258 ; *Ward* v. *Colyhan*, 30 Ind. 395 ; *Miller*
v. *The State*, 42 Ind. 544; *Wolcott* v. *Mack*, 53 Ind. 269 ;
*Beavers* v. *The State*, 58 Ind. 530 ; *The Ohio and Miss. R.
W. Co.* v. *Dickerson*, 59 Ind. 317.

5. On motion of the State, the court allowed a special
venire to issue for thirty persons to serve as jurors.

To this the appellant objected and excepted.

It does not appear that any of these jurors, if they were
summoned, were empanelled in the case we are considering,
nor that objection was made and reserved by the appellant
to any juror. The court has the power to empanel a spe-
cial jury whenever the business of the court requires it,
and, if done over the objection of the party opposing it, it
will not be error. 2 R. S. 1876, p. 13, sec. 3, act of March
7th, 1873 ; *Evarts* v. *The State*, 48 Ind. 422; *Winsett* v. *The
State*, 57 Ind. 26.

6. After the State had closed the evidence in chief, and
while the appellant was introducing evidence on the part
of the defence, the court, over the objections and excep-
tions of the appellant, allowed the State to call a witness
as to original matter on behalf of the State in chief, to
which original matter the witness testified.

This ruling falls within the sound discretion of the court.
It does not appear but that the appellant had a full and
fair opportunity to meet and controvert the testimony of
the witness who was thus called ; and it does not appear

that the court, in the exercise of its judgment, exceeded a a fair and safe discretion. Such a discretion would have to be clearly exceeded, before an appellate court could interfere with the ruling, and reverse a judgment therefor. *Ferguson* v. *Hirsch*, 54 Ind. 337.

7. The appellant complains of certain instructions given by the court to the jury.

We have read these instructions; they are not wrong as legal propositions; and, as the evidence in the case is not in the record, we must presume that they were properly given. The court also read portions of the statute as part of the instructions to the jury. This, also, without the evidence before us, must be presumed to have been correct. This question has been repeatedly decided. *Murray* v. *Fry*, 6 Ind. 371; *List* v. *Kortepeter*, 26 Ind. 27; *Stull* v. *Howard*, 26 Ind. 456; *The State* v. *Frazer*, 28 Ind. 196; *The Columbus, Chicago and Indiana Central R. W. Co.* v. *Powell*, 40 Ind. 37; *Miller* v. *Voss*, 40 Ind. 307; *Keating* v. *The State*, 44 Ind. 449; *The Aurora Fire Ins. Co.* v. *Johnson*, 46 Ind. 315; *Rogers* v. *Lamb*, 3 Blackf. 155; *Ruffing* v. *Tilton*, 12 Ind. 259; *Newton* v. *Newton*, 12 Ind. 527; *The Jeffersonville, etc., R. R. Co.* v. *Cox*, 37 Ind. 325; *Blizzard* v. *Bross*, 56 Ind. 74; *Boyd* v. *Wade*, 58 Ind. 138; *Schoonover* v. *Irwin*, 58 Ind. 287; *Lewellen* v. *Garrett*, 58 Ind. 442.

8. The appellant also complains of the refusal to give certain instructions to the jury.

The evidence not being in the record, this ruling must be presumed to be right. The refusal to give instructions to the jury, when the evidence is not in the record, must be presumed to be correct. *Abrams* v. *Smith*, 8 Blackf. 95; *The State* v. *Beackmo*, 8 Blackf. 246; *Rogers* v. *Lamb*, 3 Blackf. 155; *Ruffing* v. *Tilton*, 12 Ind. 259; *Newton* v. *Newton*, 12 Ind. 527; *The Jeffersonville, etc., R. R. Co.* v. *Cox*, 37 Ind. 325; *Blizzard* v. *Bross*, 56 Ind. 74; *Freeze* v. *DePuy*, 57 Ind. 188.

Before the case was finally submitted to the jury to consider of their verdict, the counsel for appellant moved to strike out of the record certain evidence touching the character of the body of the deceased and other bodies, which tended to show that they were the bodies of human beings, which evidence had been admitted over the appellant's objection. The ground of the motion was, that the indictment did not describe the deceased as a human being.

We have already held that it was not necessary to aver in the indictment, that the person killed was a human being; it follows, from the reasons there given, that it would not be error to admit evidence that the body of the person killed was that of a human being. The court did not err in admitting the testimony nor in refusing to strike it out.

10. The counsel objected to evidence offered by the State, tending to prove what kind of weapons the appellant carried on the evening before the alleged killing occurred.

We can see no force in this objection. The second count of the indictment charges the killing to have been done by inflicting mortal wounds. Evidence, therefore, that the appellant carried weapons about that time, with which such wounds might have been inflicted, is in the direct line of the averments in the indictment.

11. After the verdict was returned, the counsel moved to discharge the appellant from the crime charged against him in the indictment, for the reason that the verdict is so imperfect that no judgment can be rendered thereon.

The verdict is in the following words:

"We, the jury, find the defendant guilty of murder in the first degree, as charged in the indictment, and that he suffer death therefor.        J. W. McVey, Foreman."

The counsel's argument is, that there are two counts in the indictment, and the verdict does not state upon which the appellant was found guilty. He cites the case of *Wein-*

*zorpflin* v. *The State,* 7 Blackf. 186 ; but the authority does not support his argument. That case decides, that, when separate felonies are charged in different counts of the same indictment, a verdict of guilty, expressly confined to one count, is equivalent to a verdict of not guilty on the other counts not mentioned. But a general verdict on one indictment, charging the same felony in two separate counts, is good. Either count of the indictment in the present case will sustain the verdict, which is substantially in the proper form. The court correctly overruled the motion. *Miller* v. *The State,* 51 Ind. 405 ; *Taylor* v. *The State,* 49 Ind. 555 ; *Lovell* v. *The State,* 45 Ind. 550 ; *Enwright* v. *The State,* 58 Ind. 567 ; *Commonwealth* v. *Birdsall,* 69 Pa. State,482 ; Wharton Criminal Law, secs. 3,176 to 3,181.

12. The appellant moved the court for a *venire de novo.* It was denied.

A *venire de novo* is awarded only in a case where no judgment can be rendered on the verdict, in consequence of its imperfection or uncertainty. There is no imperfection or uncertainty in the verdict before us. The court, therefore, properly denied the *venire de novo. Boxley* v. *Collins,* 4 Blackf. 320 ; *Bosseker* v. *Cramer,* 18 Ind. 44 ; *The Cincinnati and Chicago R. R. Co.* v. *Washburn,* 25 Ind. 259 ; *Smith* v. *Jeffries,* 25 Ind. 376 ; *Jenkins* v. *Parkhill,* 25 Ind. 473 ; *Marcus* v. *The State,* 26 Ind. 101 ; *Trout* v. *West,* 29 Ind. 51 ; *Pea* v. *Pea,* 35 Ind. 387 ; *Gulick* v. *Connely,* 42 Ind. 134 ; *Housworth* v. *Bloomhuff,* 54 Ind. 487 ; *Peters* v. *Lane,* 55 Ind. 391 ; *Whitworth* v. *Ballard,* 56 Ind. 279 ; *Leeds* v. *Boyer,* 59 Ind. 289.

13. The appellant moved in arrest of judgment. His motion was overruled. Of this he complains.

A motion in arrest of judgment, in a criminal case, will lie on but two grounds : 1. That the court had no jurisdiction of the case ; 2. That the facts stated do not constitute a public offence. 2 R. S. 1876, p. 409, sec. 144 ;

*Case* v. *The State*, 5 Ind. 1; *Dillon* v. *The State*, 9 Ind. 408; *The State* v. *Noland*, 29 Ind. 212; *Vogel* v. *The State*, 31 Ind. 64; *Mullen* v. *The State*, 50 Ind. 169; *Buckner* v. *The State*, 56 Ind. 207; *Meiers* v. *The State*, 56 Ind. 336; *Veatch* v. *The State*, 56 Ind. 584; *Shinn* v. *The State*, 57 Ind. 144; *Hanrahan* v. *The State*, 57 Ind. 527.

Neither of these grounds exists as to the case before us.

14. A motion, founded on the affidavit of the appellant, to require the prosecuting attorney " to furnish the defendant with a copy of the evidence taken before the grand jury," in finding the indictment, was properly overruled.

We know of no right or law by which the appellant could make such a demand. Indeed, except by authority of law such evidence could not be received for any purpose.

15. The court, under the act of March 10th, 1875, 1 R. S. 1876, p. 770, appointed a short-hand reporter to make a verbatim report of the evidence in the case, who, it appears, performed the services. The appellant moved the court to furnish him with a long-hand copy of the evidence, to aid him in preparing his bill of exceptions; and also moved to be allowed to defend as a poor person, for that purpose.

By section 4 of the same act, such reporter may require payment, or the security of payment, for a long-hand copy of his notes, before he proceeds to do the work required of him. This contemplates payment by the party who wants the reporter. The court might, doubtless, order the report made, but is not bound to do so. Nor was the court bound to admit the appellant to defend as a poor person. These are questions depending upon the circumstances of the party, and resting within the sound judicial discretion of the court, and we must presume, nothing appearing to the contrary, that the discretion was properly exercised.

16. The court refused to admit a copy of the short-

hand notes of the reporter into the bill of exceptions, and thus make it a part of the record. Of this the appellant complains.

This ruling is not erroneous. By a statute of Edward III. passed in the thirty-sixth year of his reign, it was enacted, "that for the future all pleas shall be pleaded, shown, defended, answered, debated, and judged in the English tongue." And this, we believe, has been the law in England ever since, except a short period after the restoration of King Charles. Finally, proceedings at law were required to be "done into English" by a statute of 4 George II. c. 26. The statute of Edward III. requiring legal proceedings to be in the English language is, doubtless, the governing law of this State at the present time upon that subject, except as to certain technical terms which are adopted by the law, and still remain in foreign languages. 1 R. S. 1876, p. 605. The reasons given for these statutes are as sound to-day as they were when the statutes were enacted; namely, "that the common people might have knowledge and understanding of what was alleged or done for and against them in the process and pleadings, the judgment and entries in a cause." 3 Bl. Com. 318, 322.

The characters used in stenography can not be said to be in the English language.

A motion has been made in this court, since the case was submitted, "to have the short-hand record copied, and the same paid for by the county of Marion or the State of Indiana." This court has no original jurisdiction over the subject-matter, and no power to grant such a motion.

17. The counsel for appellant complain, in their brief, of "the action of the court in tying the short-hand minutes to the record," after refusing to make them a part of the bill of exceptions; but we can find no such point presented by the record, nor do we suppose a judicial question

could be raised on any such a state of facts. It was not a judicial act, and if it were, no wrong could come to the appellant thereby; for the notes, by being tied to the record, do not become a part of it, but remain perfectly useless to the case, and harmless to the appellant.

18. The court refused to give the appellant more than fifteen days within which to prepare his bill of exceptions.

This was a matter of discretion with the court, and does not seem to have been illiberally exercised. Fifteen days, ordinarily, is time enough within which to prepare a bill of exceptions. We can not revise the decision on this point.

We have thus examined and decided all the questions discussed by the counsel on behalf of the appellant. By the record which is before us, we can not see that the appellant was not indicted, arraigned, tried, convicted and sentenced according to the law and the facts of the case; and, unless we can see by the record that injustice has been done to the appellant, either in law or fact, there is no ground for this court to reverse the judgment.

The judgment is affirmed, at the costs of the appellant.