## Higbee et ux. *v.* Moore.

Specific Performance.— *Verbal Contract.—Tender.—Answers to Interrogatories.—Instructions to Jury.*—In an action by the vendee, against the vendor, his wife, and a subsequent purchaser from such vendor, to enforce specific performance of an alleged verbal contract for the sale and conveyance of certain real estate, the complaint alleged the making of the contract, partial payment of the purchase-money, delivery to the plaintiff of immediate possession, the making of valuable and lasting improvements, tender of a certain sum as the residue of the purchase-money with interest, demand and refusal of a conveyance, and subsequent conveyance by the vendor and his wife to their codefendant, who purchased with knowledge of the plaintiff's rights. The jury, with their general verdict for the plaintiff, found specially that there was due of the purchase-money, to the vendor, from the plaintiff, *at the date of the trial,* a certain sum of money exceeding the amount of the alleged tender.

*Held,* on appeal, in which the subsequent purchaser formally declined to join, that the special finding does not conflict with the general verdict, nor with the allegation of a tender.

*Held,* also, that the appellants can not complain of instructions to the jury affecting the interests of their codefendant only.

SUPREME COURT.—*Presumption.*—*Instructions, when Evidence is not in Record.*—Where, on appeal to the Supreme Court, the evidence is not, and the instructions are, in the record, and, under the issues, evidence could have been given to which the instructions would be applicable, it is presumed that such evidence was given.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellants.

*A. F. Shirts, G. Shirts* and *W. R. Fertig*, for appellee.

NIBLACK, J.—The action in this case was by Henry M. Moore, against Egbert Higbee, Anna E. Higbee, his wife, and Albert J. Flanagan, for the specific performance of an alleged contract for the sale of real estate.

The complaint charged that the plaintiff had, on the 13th day of May, 1870, purchased of the defendant Egbert Higbee, by a parol contract, the south half of a certain lot in the town of Millwood, for the sum of $50.00, paying at the time $23.00 and immediately taking possession under such contract and making valuable and lasting improvements on said half lot; that, long before the commencement of the suit, the plaintiff offered to pay said Higbee, and tendered to him, the sum of $29.00, that being the balance of principal and interest then due under the contract, and demanded of said Higbee a deed for said real estate; and that the defendant Flanagan had received from the said Higbee and wife a deed for such real estate, with full knowledge of the plaintiff's possession of and equities in the same.

The defendants answered in general denial, and the cause went to a jury for trial.

The jury returned a general verdict for the plaintiff, and answers to special interrogatories as follows :

" 1st. How much does the plaintiff *now* owe, of unpaid purchase-money, on said real estate ?

" Ans. Thirty-five and 96-100 dollars.

" 2d. Did the defendant Flanagan accept his deed for

said real estate with a knowledge of plaintiff's claim to said real estate, and with a knowledge of the plaintiff's possession of the same?

"Ans. He did."

The defendants moved for judgment in their favor, upon the answers to the special interrogatories, notwithstanding the general verdict, but their motion was overruled. A motion for a new trial was then interposed by the defendants, but that motion was also overruled.

The court thereupon decreed that the plaintiff was entitled to a conveyance of the real estate described in the complaint, upon payment into court of the balance of the purchase-money, found by the jury to be still due as above stated, and appointed a commissioner to execute such conveyance.

This commissioner afterward executed a deed of conveyance of such real estate to the plaintiff, which deed was approved and confirmed by the court.

Higbee and wife have appealed to this court, but Flanagan, the other defendant, has formally declined to join in the appeal. The evidence is not in the record.

The appellants insist, that, as the complaint averred that the appellee had tendered to Higbee, the vendor, but twenty-nine dollars, while the jury found that there was due to the said Higbee, at the time of the trial, the sum of thirty-five dollars and ninety-six cents, it was thus made to appear that the appellee had not tendered to the said Higbee a sum sufficient to entitle him to a deed for the real estate in suit, and that hence the court erred in refusing to render judgment in favor of the defendants below, upon the answers to the special interrogatories.

The jury were not required to answer specially as to any matter connected with the tender of money averred in the complaint, and hence answered nothing concerning such alleged tender. Because the jury answered, that, at

the time of the trial, there was due to Higbee thirty-five dollars and ninety-six cents, no implication resulted, that we can see, that a tender of a sufficient sum of money might not have been made at some time before the commencement of the suit.

We think the court did not err in overruling the motion for judgment in favor of the defendants.

The appellants further insist that the court erred in certain instructions given by it upon the trial.

It has been settled by this court, in a long line of decisions, that if, under any reasonably supposable state of the evidence, the instructions given could have been correct, it will be presumed, the evidence not being in the record, that such a state of the evidence did exist. *The Aurora Fire Insurance Co.* v. *Johnson*, 46 Ind. 315; *Keating* v. *The State, ex rel.*, 44 Ind. 449; *The Columbus, etc., R. W. Co.* v. *Powell*, 40 Ind. 37; *Miller* v. *Voss*, 40 Ind. 307; *The State* v. *Frazer*, 28 Ind. 196; *List* v. *Kortepeter*, 26 Ind. 27; *The Jeffersonville R. R. Co.* v. *Swift*, 26 Ind. 459. There are other, previous cases to the same effect.

In the light of these authorities we can not say that the instructions complained of were, in every view of the case as it may have been presented, necessarily erroneous. We do not however set out or further comment upon those instructions, as the appellants had, before the commencement of this suit, conveyed all their title to the real estate in controversy to their codefendant Flanagan, and are, hence, not now in a condition to ask a reversal of the judgment on account of erroneous instructions really affecting only Flanagan's title to such real estate.

Flanagan was the only one whose title was divested by the judgment appealed from, and, as he has declined to join in the appeal, we could not, at all events, reverse the judgment as to him.

We, therefore, see nothing in the record of which the

appellants have reason, and as to which they are in a condition, to complain.

The judgment is affirmed, at the costs of the appellant Egbert Higbee.