WOLCOTT ET AL. *v.* MACK ET AL.

CONTINUANCE.—*Absence of Witness.*—*Diligence.*—Where notice of an action was given to a defendant by service of summons on the 13th of March, and he appeared to the action on the 25th of the same month, and made no substantial effort to obtain the testimony of a certain absent witness, until the 21st of October following, five days before the next term of the court in which said action was pending, there could be no error in refusing, at said next term, to grant said defendant a continuance of the cause on account of the absence of said witness.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers,* for appellants.

*R. Jones,* for appellees.

BIDDLE, J.—This is an action brought by the appellees against appellants, founded on a judgment rendered by the Supreme Court of Niagara County, in the State of New York. Suit was commenced on the 25th day of February, 1874. The summons was issued on the same day, and served on the 13th day of March, 1874, by leaving a copy at the residence of Anson Wolcott. At the March term, on the 25th day of March, 1874, Wolcott appeared to the action. At the same term, answers were filed, issues joined, and the cause continued. At the October term, 1874, Wolcott filed the following affidavit in the case :

" The defendant, Anson Wolcott, being duly sworn, on oath says, that he cannot safely go to trial in the above entitled cause, on account of the absence of George Aylesworth, a material witness for the defendant on the trial of said

cause; that he has used due diligence to obtain the testimony of said Aylesworth; that he is not able to state where said witness resides; that he has been informed and believes that he spends part of his time in the State of Michigan; that his business is that of wood-dealer, transporting wood from Michigan to Chicago; that he has written many times to, and made inquiry of, persons who know the said Aylesworth, as to his whereabouts, and has received no other information than as above stated; that he has been frequently informed that he would be found in the city of Chicago; that, on the 21st day of October, 1874, he started from his home in this county, for the city of Chicago, for the purpose of making search for said Aylesworth; but before reaching Chicago, this affiant met with an accident, that so crippled him that he was not able to proceed further, but was compelled to return home; that he is so crippled yet, that he can with great difficulty leave his house and come to this court; that he believes he can procure the testimony of said witness by the next term of this court; that his absence has not been procured by the act or connivance of this affiant, nor by others at his request, or by his request, nor with his knowledge or consent; that he expects to prove by said witness that the judgment sued on by plaintiffs has been fully paid; that he believes said facts to be true; that he is unable to prove said facts by any other witness whose testimony can be as easily procured."

Upon this affidavit Wolcott moved the court for a continuance of the cause. His motion was overruled, and exception taken. This ruling of the court presents the only question insisted upon in the case.

The affidavit is insufficient. To have notice of a suit by service of the summons on the 13th day of March, 1874, appear to the action on the 25th day of the same month, and make no substantial effort to obtain the witness before the 21st of October following, only five days before the commencement of a subsequent term of the court, shows a great

lack of due diligence. The affidavit is also unsubstantial in other respects, which need not be noticed.

The judgment is affirmed, with ten per cent. damages, and costs.