### LEARY ET AL. *v.* NAVE ET AL.

CONTINUANCE.—*Absent Witness.*— *Affidavit.*—*Diligence.*—An affidavit for a continuance on account of the absence of a witness alleged the issuance of a subpœna for the witness, and the return of " not found," on the day the cause was set for trial, and that the witness was temporarily residing at a place named, within the State.

*Held*, that there had not been due diligence in attempting to procure the attendance or deposition of the witness.

From the Marion Circuit Court.

*D. V. Burns*, for appellants.

*C. C. Nave* and *C. A. Nave*, for appellees.

PERKINS, J.—Suit by the appellees, against the appellants, upon a bill of items of an account for services rendered the appellants.

Answer in two paragraphs, denial and payment; issue; trial by jury; judgment for the plaintiffs, appellees.

Motion for a new trial overruled and exceptions reserved.

The error assigned is, that the court erred in overruling the motion for a new trial. The ground of the motion for a new trial was, that the court erred in refusing a continuance of the cause upon the following affidavit:

" ' Patrick C. Leary, who, being duly sworn, upon his oath, says, that he is one of the defendants in the above entitled cause ; that the defendants can not safely go into the trial of said cause in this court on this day, by reason of the absence of one Edward Connelly, who is a competent, proper and material witness for them upon the trial of this cause ;. that he expects to be able to prove by said witness, upon the trial of this cause, that the demand and claim sued upon in this action was, long before the commencement of this suit, fully paid and satisfied to said plaintiffs ; that he knows of no other witness by whom said fact can be proven ; that he believes said fact to be true so expected to be proven by said witness. Affiant further shows that said witness now is, and continually for more than five years last past hath been, a resident of the city of Indianapolis, Marion county, Indiana ; that, on the 20th day of February, 1877, he caused a subpœna to issue out of the office of the clerk of this court, directing and commanding said witness to appear and testify as a witness for this affiant upon the trial of said cause ; that said subpœna had been returned " not found," and as to said fact reference thereto is now made ; and that said witness is absent from this court, and, as affiant is informed and believes, is absent from this county, and is now in the city of Lafayette temporarily ; that, if a reasonable time be given him, he can procure the personal attendance of said witness, or his deposition, upon this trial ; that the absence of said witness has not been procured by any act or connivance of this affiant, nor by the act of any other per-

son or persons with his knowledge or consent.   Wherefore he asks that this cause be continued for such reasonable time as the court may deem proper in the premises.

" ' PATRICK C. LEARY.

" ' Subscribed and sworn to before me this 24th day of February, 1877.        AUSTIN H. BROWN, Clerk.'

" Which motion the court overruled, and to which ruling the defendants, at the time excepted, and presented this their bill of exceptions, which they pray may be signed and sealed by the court, and made a part of this record in this cause, which is accordingly done.   The cause had been set for trial for the 20th of February, and the same having been so set as early as February 13th, none of the causes for the 20th having been reached until February 24th, 1877.        J. B. JULIAN, Judge."

This cause was commenced in July, 1873, was put at issue at the September term, 1873 ; was continued by agreement at the January term, 1874.  A change of venue was applied for and granted, but never perfected.   Afterward, on the 5th of December, 1876, the cause was again continued.   Afterward, at the February term, 1877, another motion, that above set forth, was made for a continuance, and denied.

The affidavit lacks certainty and precision ; and we think it fatally defective in failing to state that the affiant was ignorant of the fact that the desired witness was in Lafayette, and of the length of time he had been there, etc.   If he was not so ignorant, he might have procured the attendance of the witness or his deposition.  We think due diligence was not shown.   The subpœna was not issued till the day set for trial.   *Ward* v. *Colyhan*, 30 Ind. 395 ; *Wolcott* v. *Mack*, 53 Ind. 269.

The judgment is affirmed, with costs.

Opinion filed and petition for a rehearing overruled at November Term, 1878, but papers off the files.